# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1880.

## WILLIAM P. RANDOLPH
### v.
## THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF ÆTNA ET AL.

1. ROADS—PETITION—ALLEGATIONS—JURISDICTION.—That a petition to the commissioners of highways to lay out a road for public or private use under section 92 of the Road Law of 1879, must state that the proposed road will connect a dwelling house or plantation of the petitioner with a public highway, or one public highway with another, or a lot of land of petitioner with a public highway, or the commissioners will have no jurisdiction. The petition must state that the petitioner is directly interested in the proposed road, and it is not sufficient for him to state that he is a freeholder residing within three miles of the road.

2. LAND-OWNER NOT SIGNING PETITION.—That the statute makes no provision by which one land owner can compel his neighbor to contribute, otherwise than by taxation to the laying out of a road for which he does not petition.

3. COMMISSIONERS NO POWER.—That the petition conferred no power upon the commissioners to act, and the proceedings were therefore void.

APPEAL from the Circuit Court of Logan county; the Hon. C. EPLER, Judge, presiding. Opinion filed January 18, 1881.

W. B. & M. O. JONES, for appellant; that similar statutes to section 92, relating to private roads, have been declared un-

(128)

constitutional, cited Nesbit v. Trumbo, 39 Ill. 110; Crear v. Crossly, 40 Ill. 175.

That the road commencing one rod distant from the place named in the petition, was laid out illegally: Shinkle v. Magill, 58 Ill. 422.

Mr. S. L. Wallace and Messrs. Beason & Blinn, for appel-. lees; claimed that the facts required by the statute need not be set forth in the petition; that it would be sufficient to prove them on the hearing, and cited Town of Winfield v. Moffat et al. 42 Ill. 47.

McCulloch, P. J. This was a proceeding by common law writ of *certiorari* to review the proceedings of the commissioners of highways of the town of Æreatna in the county of Logan in laying out a road under section ninety-two of the Road and Bridge Law of 1879 (L. 1879, p. 277), the first clause of which reads as follows : "Roads for private and public use of the width of three rods or less, may be laid out from one dwelling or plantation of an individual to any public road, or from one public road to another, or from a lot of land to a highway, on petition to the commissioners of highways, by any person directly interested." The remainder of the section points out the manner in which the commissioners shall proceed in laying out the road, and in assessing the damages to the owners of land taken for such road, and provides that the amount of such damages shall be paid by the persons benefited thereby to the extent and in the proportion they are benefited to be determined and declared by the jury. The remainder of the damages over and above that to be paid by the parties as aforesaid, is to be paid by the town as in other cases. The amount of damages to be paid by individuals is to be paid to the parties entitled thereto, before the road shall be opened for use. It further provides that appeals may be taken as in other cases.

The road in question was laid out by the commissioners on the 10th day of July, 1880, over the lands of appellant, who took an appeal from their final order to three supervisors of the county. They affirmed the action of the commissioners in

laying out said road and assessed the damages of appellant at $80, to be paid by the petitioner, Sylvester Kiern. Thereupon appellant filed his petition for a common law writ of *certiorari* to review and quash the said proceedings. The record of said proceedings having been duly returned into and inspected by the circuit court, the court dismissed the writ, and appellant now brings the case to this court by appeal.

One of the reasons for quashing said proceedings, as alleged in the petition for *certiorari*, the refusal of which is now assigned for error is that in order to confer jurisdiction upon the commissioners of highways, the petition for the laying out of the road should have shown affirmatively that the proposed road would connect a dwelling or plantation of petitioner with a public highway; or one public highway with another; or a lot of land of petitioner with a public highway, and it does not show that any plantation or lot of land of petitioner will be by said road connected with a highway. The Statute provides for three cases in which the commissioners may proceed under this section. (1) When the road is to be laid out from one dwelling or plantation of an individual to any public road: (2) when the road is to be laid out from one public road to another: (3) when the road is to be laid out from a lot of land to a highway, in each of which cases the petition must be by some one or more persons interested. The proceeding being one in which private rights are to be subserved, rather than those of the public, and in which private property may be taken to be paid for in part by the public, but mainly for the benefit of private persons, the authorities should be held to a strict compliance with the statute. Nesbitt v. Trumbo et al. 39 Ill. 110; Crear v. Crossly, 40 Ill. 175.

The petition for the laying out of this road is signed by Sylvester Kiern, who represents that he is a freeholder residing within three miles of the route of the intended road, and petitions the board to lay out a new private and public road of the width of two rods, commencing at the northwest corner of the southwest quarter of section fourteen, town nineteen, north, range one west of the third principal meridian, and running thence by certain courses and distances set out in the petition,

on the most eligible route, to a public highway, terminating near the southwest corner of the northeast quarter of section fifteen, town nineteen north, range, one west of the third principal meridian, and alleging that W. P. Randolph is the owner of the land over which the same will pass.

It is not contended that this petition sets out a case where the intended road is to be laid out from one dwelling or plantation of an individual to a public road, for none such is therein described; nor does it pray for a road to be laid out from one highway to another; nor can it be said to pray for the laying out of a road from one lot of land to a highway, for although the terminal point is in a public highway, yet the initial point is at a place where four quarter sections corner with each other, and the petition does not show which one of them is to be benefited by this road, or who is the owner thereof.

The petition is also defective in not showing that the petitioner is directly interested in the road. He says that he is a freeholder residing within three miles of the road, but shows no further interest. This is important for the jury in assessing the damages are to apportion the same among the parties benefited to the extent of such benefits, leaving the balance to be paid by the town. We cannot conceive that the parties upon whom such assessment is to fall are any others than the petitioner or petitioners, for it would hardly be contended that the owner of one of these four quarter sections cornering at the initial point of this road, could by petitioning for a private way, compel the owners of the other three-quarters against their will, to contribute to his private benefit. So far as any benefit accrues to the public, the damages may be made a town charge, but the statute makes no provision by which one land-owner can compel his neighbors to contribute, otherwise than by paying taxes, to the laying out of a road for which they do not petition. The petitioner has not shown that he is interested directly in any lot of land from which this road leads to the highway, and in this particular fails to show his right to petition for the road. The petition failing as it does to show what particular lot of land is to be benefited by the proposed road or that the petitioner was

directly interested therein, does not fulfill the requirements of the statute and conferred no authority upon the commissioners to act in the premises. Their proceedings were therefore void *ab initio* and the fact that appellant took an appeal from their action to three supervisors did not remedy the defect.

It is further contended that the proceedings are void for the reason that in several particulars the route as surveyed and platted does not comply with the petition. We fail to see any force in these objections. In fixing his center line of the road the surveyor first ran one rod west of the quarter section corner and then ran out the line of the road substantially as called for in the petition. But, for the want of sufficient averments in the petition to confer jurisdiction upon the commissioners to act in the premises the judgment of the court below in dismissing the petition will be reversed and the cause remanded, with directions to the circuit court to quash the proceedings of the commissioners of highways according to the prayer of appellant's petition.

Reversed and remanded, with directions.