# COMMISSIONERS OF HIGHWAYS
## v.
## J. J. MALLORY ET AL.

*Roads for Private and Public Use—Sec. 54, Act of 1883—What Petition Must Contain to Give Commissioners Jurisdiction.*

1. To give the Commissioners of Highways jurisdiction, a petition under Sec. 54 of the Act of 1883 must substantially aver that the proposed road is to be laid out from one dwelling or plantation of an individual to a public road, from one public road to another, or from a lot of land to a public road.

2. When the clause. " or from a lot of land to a public road," is relied upon, the petition must contain a suitable description of such lot.

[Opinion filed August 26, 1886.]

Commissioners of Highways v. Mallory.

IN ERROR to the Circuit Court of Fulton County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. GRAY & WAGGONER, for plaintiffs in error.

Mr. JOHN W. BANTZ, for defendant in error.

CONGER, J.   This was a proceeding by common law writ of *certiorari*, to review the proceedings of the Highway Commissioners of the Town of Cass, in Fulton County, in laying out a road for private and public use, under Sec. 54 of the Road and Bridge Act of 1883, which provides : "Roads for private and public use, of the width of three rods or less, may be laid out from one dwelling or plantation of an individual to any public road, or from one public road to another, or from a lot of land to a public road, on petition to the Commissioners by any person directly interested."

The petition presented to the Commissioners was as follows : "To the Commissioners of Highways of the Town of Cass, County of Fulton and State of Illinois: The undersigned persons, directly interested therein, do hereby petition you to lay out a road for private and public use, of the width of twenty (20) feet, as follows: Commencing at or near the southeast corner of the southwest quarter of section twenty-seven (27), in the said Town of Cass, and running thence west on or near the said section line of the said section twenty-seven (27) to or near the southwest corner of said section twenty-seven (27); thence south on or near said line, between section thirty-three (33) and section thirty-four (34), to the Bernadotte and Cuba road, and then to end.

The names of the owners of land over which said road will pass are George R. Herbert, George and James Long, John Trotter, M. D. Miller, J. T. Mallory and Saphronia Mallory, and Wilson Rector.

Your petitioners pray that you will proceed to lay out said road, and cause the same to be opened according to law.

Dated at Cass, this 2d day of October, 1885."    (Signed by twelve petitioners.)

Before a petition founded upon the section quoted, *supra*, can give jurisdiction, it must substantially aver that the proposed road is to be laid out from one dwelling or plantation of an individual to a public road, or from one public road to another, or from a lot of land to a public road.

We presume the petition in this case was intended to be based upon the latter clause as there can be no pretense that it complies with either of the other two.

The petition gives us the initial point of the proposed road, the southeast corner of the southwest quarter of section twenty-seven. But which one of the four quarter sections of land that come at this point is meant to be the "lot of land" from which the road is to start, or which one of the interested land owners mentioned in the petition is the owner of the unknown "lot of land," the petition does not disclose.

When the clause, "or from a lot of land to a public road," is relied upon as the initial or starting point for a road, we think it is necessary to describe in the petition such lot by some suitable description, and then pray that a road be granted from such lot of land to the proposed terminus. Randolph v. Commissioners of Highways, 8 Ill. App. 128.

We think this petition was fatally defective and failed to give the Commissioners jurisdiction to lay out the proposed road, and the judgment of the Circuit Court, quashing their proceedings, was proper, and is therefore affirmed.

*Affirmed.*