# CHICAGO & ALTON RAILROAD COMPANY
## v.
## JOHN J. KEMP.

*Railroads—Stock—Action to Recover Damages for Killing—Conflict of Evidence—Attorney Fees.*

1.  In an action against a railroad company to recover damages for cattle killed by a train of cars at or near a highway crossing, this court declines to interfere with the verdict, the evidence as to whether the cattle were on the crossing being conflicting.

2.  In such a case this court has no basis on which to make an order for an allowance of attorney fees to the appellee for services on appeal. He must, therefore, seek his remedy in a court of original jurisdiction.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. WILLIAMS & CAPEN and FIFER & PHILLIPS, for appellant.

Mr. JOSEPH M. WEAKLY, for appellee.

WALL, J.   This suit was brought to recover for killing and injuring plaintiff's cattle.

It was alleged that by reason of the neglect of the defendant to maintain a suitable fence the stock got upon the railroad and were struck by an engine and train of cars passing thereon.

Upon a trial by jury there was a verdict for plaintiff for $175.   Three steers were killed and two others badly hurt. Of the latter, one finally got well and one was permanently damaged.

The only question for the jury was whether the animals were struck on the crossing of a public highway or beyond it. It is not denied that for several weeks the railroad fence had

been down at a point near the crossing and that stock might have gone on the road through this breach. The plaintiff's cattle, some fifteen head, escaped from his pasture into the public highway. According to the plaintiff's theory, those that were injured went through this defective fence and thence on the track. According to the defendant's theory they were on the highway when struck.

Only one witness, Carnahan, testified that the cattle were inside the fence and beyond the crossing when they were struck. This witness was nearly or quite a quarter of a mile away, yet he claims that his position was such that he had a full and unobstructed view. The distance and the standpoint being near the railroad, are to be considered in weighing his evidence. He went to the place shortly afterward and found three of the cattle lying at different points from two and a half rods to 100 yards south of the crossing. There was evidence tending to show by the tracks and by marks on the ties that they were probably south of the crossing when struck.

On the other hand there is the testimony of the engineer, fireman and one brakeman, who were all at the head of the train, and of the conductor and one brakeman who were at the rear of the train, that the collision was on the crossing. The train was composed of sixty or more cars and was going thirty miles an hour.

The two witnesses who were at the rear of the train, considering the distance from the crossing, the speed, and that they were trying to set the brakes, and their attention thus divided, might easily have been mistaken.

The three witnesses at the head of the train had superior facilities for observation, but they may have been mistaken. They probably did see some cattle on the crossing, in the highway very near the train, and might not have known precisely where those in question were struck. The whole occurrence was in the space of a few seconds and when all the circumstances are taken into account it must be apparent that there was a chance for the most observing person to be at fault in this particular.

The defendant also offered evidence tending to contradict and explain that of the plaintiff with reference to the tracks, etc. In a word, the evidence is irreconcilably conflicting. That of the plaintiff is sufficient to support the finding. That of the defendant, judging it by the number of witnesses and their means of observation, was certainly sufficient, as it appears on paper, to have justified, if not required, a finding for defendant.

Of course, we must concede the presumption that, perhaps, there were circumstances and considerations not possible to put in the record which may have properly influenced the conclusion, and it must be inferred that the presiding Judge discharged his duty faithfully and carefully, and that he was satisfied with the result.

Various arguments are pressed upon our consideration as to the probabilities and the inferences to be drawn from all the circumstances in proof. Among others, the fact is adverted to that one of the animals was found so near the cattle-guard as to induce the conclusion that it must have been struck on the crossing since such an object is always carried some distance before it is cast off.

This may or may not have been so in the present instance, and there is no way by which it can be certainly known, but whether so or not the verdict might be sustained as to the amount if this animal were left out of consideration. Applying well known rules so often stated by the Supreme Court in cases where the testimony is in hopeless conflict, we do not feel warranted in reversing the judgment upon the ground that the court erred in refusing to set aside the verdict. No other error is assigned.

We are asked by appellee, if the judgment is affirmed, to assess also a suitable amount for attorney's fees in this court. The statute provides in this class of cases that the plaintiff, if successful, may also recover "reasonable attorney's fees in any court wherein the suit is brought for such damages or to which it may be appealed." There is no provision, however, authorizing a court of appellate jurisdiction only to hear and determine, primarily, a question of fact, and so far as we are advised

such courts have not undertaken the inquiry in these case but have left the plaintiff to seek his remedy in a court of original jurisdiction.

There being no statutory scale of fees in such cases, the question would have to be determined upon evidence *pro et con*, subject to the right of cross-examination, and we have no convenient means by which to make the necessary investigation. In the present case there is no evidence upon which to base the allowance had we the power to consider it. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*