## Lake Erie & Western Railroad Co. v. J. C. Beam & Son.

1. RAILROADS—*Negligence—Gates at Farm Crossings.*—A bull of the plaintiffs strayed from their pasture into a field adjoining a railroad track, between which and the said track the railroad company maintained a fence, and also a gate in the fence opening into the field and leading to a farm crossing. The gate being broken down, defective and insufficient, the bull escaped through it, and went upon the track, where he was fatally injured. The company was held chargeable with notice of the condition of this gate and held liable.

2. NEGLIGENCE—*Gates at Farm Crossings.*—It is negligence in a railroad company to knowingly or for an unwarranted length of time permit a gate at a farm crossing to remain broken down, insufficient and out of repair.

3. ATTORNEY'S FEES—*Allowance of, in Appellate Court.*—The allowance of attorney's fees for services in the Appellate Court involves the hearing and determination of questions of fact and the right of trial by jury, for which there is no adequate mode in the Appellate Court.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

A. E. DeMANGE, attorney for appellant, contended that under the authorities the railroad company is not liable for the value of this animal unless the fence was defective at the place where he went on the right of way. All the testimony admitted by the court against appellant's objection showing the condition of the fence on the east side of the railroad and between it and the highway was clearly improper. T., P. & W. Ry. Co. v. Darst, 51 Ill. 366; Wabash Ry. Co. v. Brown, 2 Brad. 518.

ROWELL, NEVILLE & LINDLEY, attorneys for appellees, contended that the proof of the killing of stock by defendant's train and defendant's neglect to fence its right of way or to keep its fences in repair, makes a *prima facie* case of liability. R. R. I. & St. L. R. R. Co. v. Lynch et al., 67 Ill. 149; Ewing v. C. & A. R. R. Co., 72 Ill. 25.

Where a railroad company kills stock at a place where it is required to fence its track, which has been open for more than six months and not fenced at the place where the killing took place, the company will be liable even though the owner may not prove the stock got upon the track at the point not fenced.    T., P. & W. Ry. Co. v. Pence, 68 Ill. 524; T., P. & W. Ry. Co. v. Logan, 71 Ill. 191.

Where a railroad company has fenced its track by a good and sufficient fence, and a casual breach occurs in the fence without fault of the company, and stock get upon the track through such breach and are injured, the company will be responsible if it has had reasonable time to discover such breach, and failed to repair before the injury occurred.    Ind. & St. L. R. R. Co. v. Hall, 88 Ill. 368; C. & A. R. R. Co. v. Umphenour, 69 Ill. 198.

Where a plaintiff's stock entered the close of another through an insufficient fence along the highway and passed from thence through a place made for bars and used as a farm crossing upon the railroad track and were killed, and it appeared that the bars had been left down for a period of three months, it was held that the company was guilty of negligence in allowing the bars to remain down for so long a time.    I. C. R. R. Co. v. Arnold, 47 Ill. 173; C. & N. W. Ry. Co. v. Harris, 54 Ill. 528.

Gates or bars at farm crossings form a part of the fence of the railroad.    I. C. R. R. Co. v. Arnold, 47 Ill. 173; Great Western R. R. Co. v. Helm, 27 Ill. 199.

Railroad companies are required to construct gates at farm crossings, and their duty to keep the fences in repair includes the duty of keeping such gates safe and securely closed so as to prevent stock from getting upon their roads at such crossings.    To permit such gates to remain open for a week or more is a neglect of duty which will ordinarily render the company liable.    C. & N. W. Ry. Co. v. Harris, 54 Ill. 528.

Where stock is killed by reason of the insufficiency of the fences of a railway company along its track and the fences have been out of repair so long that the company ought to

have known it and the owner of the stock is guilty of no negligence, the company will be liable for the injury. O. & M. Ry. Co. v. Clutter, 82 Ill. 123.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

A bull belonging to the appellees was struck by an engine and train of the appellant company, and so badly injured that it had to be, and was, killed.

Appellees claimed it wandered upon the railroad track because the appellant company failed to maintain a good and sufficient fence along the right of way.

They recovered judgment before a justice of the peace and in the Circuit Court upon appeal, for the value of the animal, and the record of the latter trial is here by appeal.

Appellees left the bull in their pasture which adjoined the right of way of the appellant's road upon the west side thereof.

Adjoining the pasture on the south was a field belonging to one Flowers, which also adjoined the right of way.

The pasture extended west and south of this field, almost surrounding it. The railroad company maintained a fence between its right of way and the field and the pasture, and also a gate in the fence opening into the field and leading to a farm crossing over the railroad track.

It seems well proven the bull escaped from the pasture into the Flowers field, and from thence through the gate in the railroad fence to the right of way and track of the road, and was there struck by a train. It likewise appeared that the gate had been broken down some two or three months before, and was defective and insufficient. It was found standing open on the morning it was discovered the bull had been injured, and the proof showed it had been open almost constantly for two or three months. This evidence warranted the jury in declaring the company guilty of negligence in respect of the gate.

It is complained that the court erred in modifying appellant's second instruction and in refusing instruction No. 3 asked in same behalf.

The instruction which was modified would, as asked, have advised the jury that "The railroad company was not responsible for leaving the Flowers gate open, unless the plaintiff proved that its employes left it open." The court modified it by adding as follows: "or knew that the same was open, or might have known the facts by the exercise of ordinary diligence."

The criticism upon this modification is, it declared the company liable if it knew, or might by ordinary diligence have known, that the gate was open, whether it knew it long enough to have caused it to be closed, or if out of repair, had time in which to have repaired it. It is needless to enter upon a discussion of these points further than to say that the instruction as presented, should have been modified or refused, and that as modified it declared the law applicable to the testimony presented to the jury.

The instruction which was refused was as follows:

"3. The burden of proving every material point in his case is on the plaintiff, and if you believe from the evidence that the animal escaped through plaintiff's own negligence, from his pasture into Flowers' field and then through Flowers' open gate, then your verdict should be for defendant."

It was not sufficient to charge the appellees with contributory negligence and preclude a recovery, that the bull escaped from their pasture into the Flowers' field through their negligence. Even if they had knowingly permitted the animal to pass into the Flowers' field, they could not be charged with contributory negligence unless it further appeared that the natural and probable consequences of their so doing was that the stock would go upon the railroad track. Cairo & St. L. R. W. Co. v. Woolsey, 82 Ill. 370; Wabash R. R. Co. v. Perbex, 57 Ill. App. 62.

The court properly refused the instruction.

We are unable to see that the testimony relating to the condition of the railroad fence east of the track was pertinent to the issue.

But it did no harm, and its admission furnishes no sufficient reason for interfering with the judgment, which is right upon the merits and well sustained by the proof.

The allowance of attorneys' fees for services rendered by attorneys for the appellee in this court involves the hearing and determination of questions of fact and the right of trial by jury. We have no adequate or convenient mode for trying such questions.

The remedy is by action in a court of original jurisdiction. Kingsbury v. Powers, 26 Ill. App. 574; C. & A. R. R. Co. v. Kemp, 25 Ill. App. 39; I. B. & W. R. R. v. Buckles, 21 Ill. App. 184.

The judgment is affirmed.