## Terre Haute & Ind. R. R. Co. v. S. O. McCullough.

1. RAILROADS—*Exempt from Fencing Track—Convenience of the Public.*—The convenience of the public may exempt a railroad company from the duty of constructing and maintaining fences and cattle guards upon and along portions of its track within station or depot grounds, though not expressly excepted by the statute, but the duty to inclose its track to the limits of such grounds, remains unaffected.

2. ATTORNEY FEES—*In the Appellate Court—How Determined.*—The value of the services of an attorney for the appellee in the Appellate Court, can not be ascertained and determined in that court. The remedy is by independent action in a court of original jurisdiction.

**Trespass on the Case,** for killing domestic animals. Appeal from the County Court of DeWitt County; the Hon. GEORGE K. INGHAM, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed June 24, 1896.

Moore & Warner, attorneys for appellant; T. J. Golden, of counsel.

Wm. Monson, attorney for appellee.

Opinion per Curiam.

A train of the appellant company ran upon and killed certain cattle belonging to the appellee. Judgment was rendered against it for their value and for attorney's fees, from which this appeal.

The cattle came upon the track of the railroad at a public road crossing, which was not provided with cattle guards.

The company maintained a switch there and stopped its trains when signaled to do so. There was there a grain elevator, stock pens, blacksmith shop, dwelling house and some corn·pens, constituting a small village, not incorporated, called Tabor.

The defense sought to be made was, the convenience of the public demanded the track of the railroad and switch in the village should not be fenced.

The county judge, before whom the case was tried without a jury, held the evidence did not support the defense. We are unable to say such finding was manifestly against the weight of the evidence.

Aside from this the liability of the company clearly appeared.

The company maintained a fence running south along the east side of the right of way from the highway crossing, and along the west side of its right of way from the south end of the switch. But these fences were not connected by wing fences and a cattle guard at the southern limit of that portion of the road which, the company claims, should be regarded as within the station or depot grounds of Tabor.

After coming upon the track the cattle passed south upon it, beyond the limits of the station ground, and were struck at a point where, confessedly, the law required the road should be inclosed.

The convenience of the public may exempt a railroad company from the duty of constructing and maintaining

fences and cattle guards upon and along portions of its track within station or depot grounds, though not expressly excepted by the statute, but the duty to inclose its track to the limits of such grounds, remains unaffected.    A., T. & S. F. R. R. Co. v. Elder, 149 Ill. 173.

Had the appellant's road been fenced and a suitable cattle guard placed at the south end of the grounds here claimed to be depot or station grounds, the cattle could not have followed the track of the railroad from such grounds to the point where they were run upon by the train.

The value of the services of an attorney for the appellee in this court, can not be ascertained and determined in this court.

The remedy is by independent action in a court of original jurisdiction.    L. E. & W. R. R. Co. v. Beam, 60 Ill. App. 68.    Judgment affirmed.