149 173|
54a 667|
149 173
65a 415|
65a 446|
149 173
69a 393|

# The Atchison, Topeka and Santa Fe Railroad Company

*v.*

## Lester T. Elder.

*Filed at Ottawa January 16, 1894.*

1. Negligence—*of railroads—reckless rate of speed of train.* If a passenger on a railway train is injured in person by the company running the train at a dangerous rate of speed, whereby the train strikes a cow on the track and is thrown off the track, the passenger will be entitled to recover damages for his injuries.

2. Same—*failure of railroad company to fence its right of way.* If a railway company, within six months after the use of its road, fails to fence its track and erect suitable cattle-guards outside of the limits of a village at or near which an accident happens, and in consequence of such failure a cow and calf go upon the track and are struck by a passenger train, whereby a passenger on the train is injured, the latter will be entitled to recover for the injury.

3. In an action by a passenger against a railway company to recover for a personal injury on the ground of neglect to fence its track, there was evidence to show that the railroad was not fenced for some distance south of a village, and that there were no cattle-guards sufficient to keep cattle off the track. The evidence showed that a cow and calf went on the track near the depot at the village and ran down the track to the place where the cow was struck, and the train was thrown from the track, and it appeared that if the road had been fenced and a suitable cattle-guard placed at the south end of the village the cow could not have followed the track beyond the limits of the village and the accident would not have occurred : *Held*, that there was ample evidence tending to show negligence on the part of the defendant.

4. In such case, it was contended that the defendant was not bound to fence its track where the cow entered upon the same. The cow entered upon the defendant's track near the depot, within the corporate limits of the village ; but at the southern limits of the village the cattle-guard was insufficient to prevent stock from passing down the track, and from that point to the place where the accident occurred the track was not fenced, so that there was nothing preventing stock from going upon the track where the defendant was bound to fence, and the mere fact that the cow first entered upon the track within the corporate limits of the village did not relieve the defendant from the liability arising from the failure to fence the track.

5. In the same case the court refused a proposition of law which declared that the mere failure of the defendant to erect and maintain fences and cattle-guards would not, of itself, make the defendant liable: *Held,* that the proposition might have announced a correct abstract proposition, but that there was no error in refusing the same, for the reason that the evidence tended to show that the injury grew out of the failure of defendant to erect and maintain suitable cattle-guards and fences as required by statute.

6. And in the same case the court refused to hold the proposition of law that the statute did not require the defendant to have cattle-guards and fences upon and along the portions of its track within its station grounds, where its station buildings and other structures used in the loading and unloading of persons and live stock were: *Held,* properly refused, as it was immaterial whether the defendant was bound to fence its station grounds or not, the real question being whether the cow reached the point where she was struck by the train through the failure of defendant to erect suitable cattle guards and fences outside of the limits of the incorporated village.

7. Judgment—*vacating, at what term.* During the term at which a judgment is rendered, the court having control over the record, for good cause shown may amend the judgment or set it aside. When the motion to vacate a judgment is entered during the same term it is rendered, the motion may be continued from term to term, and the judgment may be set aside at a subsequent term.

8. Same—*ground for setting aside.* Where a judgment is rendered by the court in favor of an infant, against a railway company, without hearing any evidence, but by consent of the child's father, and the attorney appearing for the plaintiff was the defendant's counsel, the court will properly vacate the judgment and hear the case on the merits.

9. Appeals—*Supreme Court—reviewing question of fact.* Whether the evidence in an action against a railway company for an injury caused by negligence is sufficient to authorize a recovery, is a question of fact for the consideration of the Appellate Court; but the question does not arise in this court, as it is not at liberty, under the statute, to review controverted questions of fact. It will be sufficient that there is evidence tending to prove the allegation of negligence.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

Mr. Edgar A. Bancroft, and Mr. George R. Peck, for the appellant :

No cause of action was shown by the allegations and proof. *Railroad Co.* v. *Jones*, 76 Ill. 311 ; *McGanahan* v. *Railroad Co.* 72 id. 557 ; *Railroad Co.* v. *Blackman*, 63 id. 117 ; *Railroad Co.* v. *Wellhoener*, 72 id. 60 ; *Railroad Co.* v. *Jennine*, 16 Ill. App. 209 ; *Railroad Co.* v. *Morthland*, 30 Ill. 451 ; *Railroad Co.* v. *Hanks*, 36 id. 281 ; *Railroad Co.* v. *Rice*, 71 id. 567 ; *Railroad Co.* v. *Linder*, 39 id. 433.

Appellant was not bound to fence its track where the stock entered. *Railroad Co.* v. *Brown*, 23 Ill. 94 ; *Railroad Co.* v. *Carter*, 20 id. 390 ; *Railway Co.* v. *Sumner*, 24 id. 632 ; *Railway Co.* v. *Lavery*, 71 id. 522 ; *Railway Co.* v. *Myers*, 43 Ill. App. 251 ; *Railroad Co.* v. *Scott*, 34 id. 635 ; *Railroad Co.* v. *Hans*, 111 Ill. 114.

The motion to vacate the judgment should have been denied. Starr & Curtis' Stat. chap. 110, sec. 39, par. 40 ; *Hearson* v. *Graudine*, 87 Ill. 115 ; *Railroad Co.* v. *Ross*, 88 id. 179 ; *Crossman* v. *Wohlleben*, 90 id. 537 ; *Stack* v. *Carey*, 32 Ill. App. 412 ; *Donnelly* v. *Gregory*, 14 id. 601 ; *Lanyon* v. *Lewis*, 43 id. 654 ; *Bailey* v. *Taeffe*, 29 Cal. 424 ; *Hill* v. *Crump*, 20 Ind. 291 ; *Brown* v. *Brown*, 37 Minn. 128 ; *Bank* v. *Benjamin*, 61 Wis. 512.

Mr. Cyrus J. Wood, and Mr. William E. Hughes, for the appellee :

As to the power and duty of the court to vacate a judgment, see *Frink* v. *King*, 3 Scam. 144 ; *Stahl* v. *Webster*, 11 Ill. 511 ; *Becker* v. *Sauter*, 89 id. 596.

Such motion, if made during the same term and not disposed of, may be allowed at a later term. *Windett* v. *Hamilton*, 52 Ill. 180 ; *Hibbard* v. *Mueller*, 86 id. 256 ; *Hearson* v. *Graudine*, 87 id. 115.

The plaintiff was entitled to recover upon the proof, under the first count of the amended declaration. The evidence

showed the child was a passenger, that it was injured in transit, and that the defendant was the carrier. These three facts make a *prima facie* case of liability, for which recovery could be had under the count charging general negligence. *Railroad Co.* v. *Yarwood,* 15 Ill. 468.

The railroad company is bound to fence its track when the building of such fences is shown, by proof, to have been necessary in order to prevent cattle getting upon, straying on or walking on the track at the place of the injury complained of. *Carr* v. *Railroad Co.* 50 Barb. 39; *Railroad Co.* v. *Chenywith,* 52 Pa. St. 382.

Also, where a passenger, without fault on his part, was injured by reason of the negligence of the railroad company to fence its road, (at places other than its depots, grades and highways,) he is entitled to recover damages thereby sustained, without proof of any other negligence on the part of the carrier. *Blair* v. *Railroad Co.* 20 Wis. 254.

Per CURIAM: This is an appeal from a judgment of the Appellate Court, affirming a judgment of the circuit court of Cook county, in favor of Lester T. Elder, a minor, by Charles Elder, his next friend, against the Atchison, Topeka and Santa Fe Railroad Company, for $2500. It appears that Charles Elder, and Mary, his wife, with their small boy, about four years old, Lester T. Elder, became passengers on appellee's road on the 28th day of May, 1892, from Streator to Chicago. The train, when about a half or three-quarters of a mile south of Lemont, struck a cow and calf on the track and was thrown from the track. Mary Elder, the mother of plaintiff, was somewhat injured, and upon her arrival in Chicago an agent of the railroad company called upon her and her husband and settled for the injuries she had received. A short time afterwards it was discovered that the boy was ruptured, and negotiations were then commenced between the father of the child and the company, with a view to a settlement for the injury

the child had received. The negotiations resulted in an agree-
ment that $250 should be paid in settlement for the injury
received by the child, but as the plaintiff was a minor and not
capable of making a settlement, and as the father was without
authority, it was arranged that a friendly suit be brought in
the name of the minor, by his father, as next friend, and a
judgment should be entered for the amount agreed upon. A
declaration was filed, the appearance of defendant entered,
and the parties appeared before the court, waived a jury, and
the court, without hearing any evidence, entered a judgment
in the cause in favor of the plaintiff for $250. Eleven days
after the judgment was entered, but during the same term of
court, the plaintiff appeared in court by attorney, and offered
to refund the $250 which had been paid, and entered a motion
to vacate the judgment. This motion was supported by affi-
davits, and the appellant also filed affidavits in opposition to
the motion. Finally it was stipulated by the parties that evi-
dence should be heard on the motion before Judge Tuthill,
and the court should, when the evidence was all in, pass upon
such motion. If denied, an order should be entered overrul-
ing the motion and confirming the judgment and satisfaction,
and if granted, the court should make a finding of damages,
jury being waived. Benefit of all objections and exceptions as
to motion, and the finding and judgment, if any, is expressly
reserved, plaintiff to file an amended declaration if motion is
granted. An amended declaration was filed, the court heard
the evidence, and entered an order vacating the judgment and
rendered a judgment in favor of the plaintiff for $2500.

In the amended declaration it was, in substance, alleged:

*Second count*—That plaintiff's injuries were caused by de-
fendant running its said train and cars at a negligent and
dangerous rate of speed, and while so running, did, by reason
of such reckless rate of speed, run into a cow and calf near
the village of Lemont, thereby wrecking said train and seri-
ously and permanently injuring the plaintiff.

12—149 ILL.

*Third count*—The defendant's track had been in use for more than six months, and it was its duty to fence the same from Streator to Chicago, except at public crossings and within the limits of cities and incorporated towns and villages laid off into lots and blocks, and also to erect and maintain at all road crossings sufficient cattle-guards; that it had failed to fence its track and to erect cattle-guards "at and near and south of the village of Lemont;" that for want and lack of said fences and cattle-guards "a certain cow and calf strayed onto said defendant's railway at a point near to said village of Lemont, and south thereof, and not within the incorporated limits thereof, and not at any public or highway crossing of said railway;" that while said cow and calf were on the track, defendant's train, running at an excessive and dangerous rate of speed, struck them and became wrecked, and plaintiff was ruptured, crippled, etc.

*Fourth count*—That defendant failed to erect cattle-guards and fences on its railway "for some distance south of the village and station of Lemont, * * * where cattle and other stock were fed, grazed and allowed to run at large," and where fences and cattle-guards were necessary to prevent such cattle getting on said track; that at a point on its railway south of the village of Lemont, and near the same, a certain cow and calf, "by reason of such failure, came on the track, and the train in which plaintiff was riding collided with the same and he was thereby injured," etc.

It is first contended that no cause of action was shown by the allegations and proof. If the injury resulted from the running of the defendant's train at a dangerous rate of speed, as alleged in the second count of the declaration, the plaintiff was entitled to recover. If, on the other hand, the defendant failed to fence its track and erect suitable cattle-guards outside of the limits of the village of Lemont, at or near where the accident occurred, and in consequence of such failure the cow went upon the defendant's track and was struck by the

train producing the injury, as charged in the third and fourth counts of the declaration, a recovery might be had. Whether the evidence was sufficient to authorize a recovery was a question of fact which was proper for the consideration of the Appellate Court but does not arise here, as we are not at liberty, under the statute, to review controverted questions of fact. There was evidence, however, tending to prove the allegations of the declaration, and that was sufficient. A number of witnesses testify that the train was running at a high and dangerous rate of speed,—from fifty to sixty miles an hour,— prior to and at the time the accident occurred, and on the other branch of the case there was ample evidence to show that the road was not fenced for some distance south of the village of Lemont, nor were there cattle-guards sufficient to keep cattle off the track. It is true that the cow went on the track near the depot at Lemont, and ran down the track to the place where the accident occurred; but had the road been fenced, and a suitable cattle-guard placed at the south end of the village, the cow could not have followed the track beyond the limits of the incorporated village, and the accident would not have occurred. We do not propose to review the evidence or determine its sufficiency to support the judgment,—we merely refer to it for the purpose of showing that there was ample evidence for the consideration of the court tending to establish the averments of the declaration.

It is next contended that the defendant was not bound to fence its track where the stock entered. It is true the railroad company was not required to fence its track within the incorporated limits of Lemont, and it is also true that the cow entered upon the defendant's track near the depot, within such incorporated limits. But at the southern limits of the village, as appears from the evidence, the cattle-guard was insufficient to prevent stock from passing down the track, and from that point to the place where the accident occurred the track was not fenced, so that there was nothing to prevent stock from

going upon the track where defendant was bound to fence, and the mere fact that the cow first entered upon the track within the incorporated limits of Lemont does not relieve the defendant of the liability arising from the failure to fence its track, imposed by the statute.

. The defendant submitted nine propositions to be held as law. The court held the first, second and fifth, and refused the others. The third proposition in substance declared that the mere failure of defendant to erect and maintain fences and cattle-guards will not, of itself, make the defendant liable. If the failure to perform the duty enjoined by the statute did not contribute to the injury, of course the defendant could not be held liable, and as an abstract proposition it might have been held as law; but as applied to the facts of this case it was not error to refuse it, for the reason that the evidence tended to show that the injury grew out of the failure of defendant to erect and maintain suitable cattle-guards and fences, as required by statute.

The fourth proposition in substance declared that the statute did not require the defendant to have cattle-guards and fences upon and along the portions of its tracks within its station grounds where its station buildings and other structures used in the loading and unloading of persons and live stock were. While there is no particular objection to the rule announced, yet it had no proper place in this case. It was immaterial in this case whether defendant was bound to fence its station grounds or not. The real question was, whether the cow reached the point on defendant's track where she was struck by the train, through the failure of the defendant to erect suitable cattle-guards and fences outside of the limits of Lemont, as required by statute.

The sixth and seventh propositions were properly refused. The statute has named the places where a railroad company is not required to fence its track, and those enumerated in the propositions do not fall within the exception; nor were they

stations or depot grounds, and as such exempt from fencing, as held in *Chicago, Burlington and Quincy Railroad Co.* v. *Hans,* 111 Ill. 114.

The eighth and ninth propositions were properly refused for reasons heretofore given.

It is next claimed that the court erred in vacating the judgment. But little need be said on this point. It will be observed that the motion to vacate the judgment was made at the same term at which it was entered, and the motion was continued, by order of the court, from time to time, until it was finally decided and the judgment vacated, so that the order or judgment vacating the judgment stands upon the same footing as if it had been entered during the term at which the judgment was rendered. During the term at which a judgment is rendered, the court having control over the record, for good cause shown may amend the judgment or set it aside. (*Becker* v. *Sauter,* 89 Ill. 596; *Cook* v. *Wood,* 24 id. 295; *Stahl* v. *Webster,* 11 id. 514.) Here the court had rendered a judgment without hearing the evidence or fully understanding the merits of the case, in a case where the rights of an infant were involved, the attorney appearing for and representing the infant having been employed at the instance of the opposing party. When these and other facts of a kindred character were brought to the attention of the court on the motion to vacate the judgment, the court, in the exercise of a sound discretion, could do no less than vacate the judgment which had been improvidently entered, and allow the cause of the minor plaintiff to be fully and fairly presented to the court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*