## Terre Haute & Indianapolis Railway Co. v. Cora M. Williams, Administratrix, etc.

1. NEGLIGENCE—*Failure to Perform Duty Required by Law—Who May Sue.*—Whenever a duty arises, whether upon common law or statutory grounds, an action will lie for a breach thereof in favor of any one injured by reason of such breach, though if a mere right is conferred by statute, only those to whom it is specially given may avail themselves thereof.

2. RAILROADS—*Extent of Liability for Failure to Build Fences and Cattle-Guards.*—The statute requiring railroads to build fences and cattle-guards imposes a duty; and liability for a breach of such duty arises whenever an injury is proximately caused by neglect thereof. The specific liability fixed by the statute for stock injured is not exclusive.

3. MASTER AND SERVANT—*Servants Duty to Observe and Complain of Dangers.*—An engineer is not conclusively bound to take notice of all omissions of a railroad company by which he is employed, to maintain the fences and cattle-guards required by law, and his failure to complain of such an omission is not conclusive proof that he knew of the defect and realized and accepted the hazard it implied.

4. INSTRUCTIONS—*Statement of a General Rule Not Objectionable.*—A statement in an instruction of the general rule applicable to the case, leaving the opposite party to ask for a statement of any exceptions, limitations or qualifications that may be deemed relevant in view of the proof, is not objectionable.

5. SAME—*When Refusal of, Is Assigned as Error Those Given Should Be in Abstract.*—When only part of the instructions given on a trial are set out in the abstract, this court is not required to pass upon instructions which were refused; because it may be presumed that the instructions given covered the points in those refused.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

T. J. Golden and W. C. Outten, attorneys for appellant.

D. Hutchison, Alex. McIntosh and James J. Finn, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

The appellee recovered a judgment against the appellant for $5,000 in an action on the case for negligently causing the death of Jas. C. Williams.

The declaration alleged that the said Williams was employed as a locomotive engineer in the service of the appellant—that because of the neglect of appellant to maintain fences and cattle-guards, cattle came upon the track, and that the locomotive, in charge of said Williams, colliding with the obstruction was derailed, and thereby his death was occasioned without any fault or negligence on his part.

The evidence showed that cattle went on the track at a point where there should have been a guard and that this was the direct and proximate cause of the accident which resulted in the death of the engineer. The appellant neglected to comply with the statutory requirement in this respect, and the first question to be determined is whether such neglect will create liability for personal injuries sustained by reason of the derailment of a train caused by colliding with animals so coming on the track. Appellant contends that the fencing statute was not enacted to regulate or change the relations existing between the railroad company and its employes, but that its sole purpose is to create a liability for the damages to stock.

In the case of Wabash Railway Co. v. Brown, 5 Brad. 590, the view so contended for was approved. The case was affirmed in the Supreme Court—96 Ill. 297—but no ruling was made on this point. In the recent case of A., T. & S. F. Co. v. Elder, 149 Ill. 173, the court held, without much elaboration or discussion, that a passenger injured in a wreck so caused may recover.

Obviously this conclusion is based upon the proposition

that the statute imposes a duty; that liability arises whenever an injury is proximately caused by neglect of such duty and that the specific liability fixed by the statute for stock damaged is not exclusive.

In other words, whenever a duty arises, whether upon common law or statutory grounds, an action will lie for a breach thereof in favor of any one injured by reason of such breach, though if a mere right is conferred by a statute, only those to whom it is specially given may avail themselves thereof.

In substance, such is the ruling in Donnegan v. Eberhardt, 119 N. Y. 468, which overturns Langlais v. Buffalo, etc., R. R. Co., 19 Barb. 364, the authority relied upon in Wabash R. R. Co. v. Brown, 5 Brad., cited above. To the same effect are Dickinson v. O. & St. L. R. R. Co., 124 Mo. 140; Blair v. M. & P. du C. R. R. Co., 20 Wis. 267; A., T. & S. F. R. R. Co. v. Reesman, 60 Fed. Rep. 370; M. P. R. R. Co. v. Humes, 115 U. S. 512.

This view of the statute rests upon the idea that one of its purposes was to prevent obstructions to trains, and thereby add to the security of persons thereon, whether passengers or employes. It was said in Dickinson v. O. & St. L. R. R. Co., *supra*, "Thus, while the statute only imposes upon the corporation, as a penalty for non-observance of the law, double damages for animals killed or injured, the duty to fence is made obligatory. The duty is absolute and unqualified, and is reasonably supposed to have been intended for the protection of all persons upon railroad trains who are exposed to danger by such obstructions, whether they be passengers or employes."

We are persuaded this is a sound and proper view, and supported, as it is by good authority, as well as good reason, we adopt it without hesitation.

This leads to consideration of the point mostly pressed in the brief of the appellant, that the deceased, in his capacity of employe, assumed whatever risk there was by reason of such neglect of appellant, because he knew of the condition of the road with regard to fence and cattle-guards at the

place in question, and continued in the service of appellant without objection. It appears that the place in question was a flag station known as Tabor. There was a switch, some stock pens, an elevator, a grain office, and a postoffice. Tabor was not incorporated, nor was there a plat of lots or streets. On the west side of the railroad the fence which was there before the switch was put in, had been taken out from the south side of a public highway for a space equal to the length of the switch.

At the time of the accident there was no cattle guards south of the space thus left open, so that some cattle which escaped in the night from an enclosure on the east side of the railroad, and north of the highway, wandered down the track to a point south of the switch, and the train upon which the deceased was engineer ran into the cattle and was thrown from the track. This occurred in the early morning, before daylight, and it is not contended that there was any negligence of the engineer contributing to the result. His assumption of the risk rests wholly upon the suggestion that as he had been over the road two or three times a week for three years, and had frequently stopped at Tabor for the purpose of switching cars in or out of his train, he must have known there was no cattle-guard south of the switch. The proposition is, that as he had the opportunity to observe this defect, he must, in law, be presumed to know it, and knowing it, he must be presumed to have accepted the risk. Had the defect been in his engine, or in any appliance that he was required to handle, or work with, then it would be easy and natural to infer with more or less certainty that he knew it. For instance, the presence of a cattle-guard, or a defective condition of the track at a point over which a brakeman must frequently pass in making up trains, may be presumed to be known to him, and so there are many adjudged cases where the court in discussing the evidence concludes that on the facts there presented, a presumption of knowledge clearly arises. But each case must depend upon its peculiar facts.

We can not say that an engineer would necessarily

observe the condition of the fences and cattle-guards at all places, and he might well fail to note the absence of a cattle-guard at a place like that in question. To say the least, he is not conclusively bound to take notice of all such omissions, and his failure to complain is not conclusive that he knew the defect, and realized and accepted the hazard it implied. He might have observed it, and might well have expected it would be remedied within a reasonable time, inasmuch as the statute positively required it should be. He might have noticed it, and yet might not have had reason to believe that it was so dangerous as to require him to complain of it. Knowledge of the fact is only an element having more or less significance according to the circumstances. But it is well settled that a mere knowledge of the defect is not always enough, for there is a distinction between knowledge of the defect and knowledge of the risk from the defect. Consolidated Coal Co. v. Haenni, 146 Ill.; 614; Ill. Steel Co. v. Schymanowski, 162 Ill. 447.

All these considerations were primarily for the jury, and we are not impressed with the suggestion that their conclusion is against the great preponderance of the evidence, or that it is without support of strong inferences fairly deducible from the evidence. It is complained that the court refused two instructions asked by the defense. These instructions are set out in the abstract, but though it is stated that the court gave five others that were asked, those so given are not set out. As has frequently been ruled, this court is not required to pass upon the instructions so refused; because it may be inferred that the instructions given covered the points in those refused.

We have however referred to the record, and find that such inference is substantially correct in this instance.

The refused instructions were to the effect that if the deceased " was a locomotive engineer, engaged in hauling trains on defendant's railroad track, and was acquainted with defendant's railroad track and right of way at the place of the collision" then the risk thereby caused was assumed by him, and the plaintiff could not recover.

. As we have endeavored to show, the mere fact of his occupation, and consequent acquaintance with the track and right of way, would not necessarily establish the legal conclusion that he assumed such risk, though it was a circumstance to be considered.

However, as the record shows, the third and fourth instructions given for the defendant advised the jury that before the plaintiff could recover, it must appear that the engineer "did not know of the defect, and had not equal means of knowing with the defendant."

Hence, if the position taken by the appellant upon this point is correct, it has no just cause to complain of the action of the trial court.

It is also urged that the court erred in giving the following instruction (and the only one given) for appellee :

"It is the duty of railroad corporations to furnish reasonably safe appliances for the performance of the work required to be performed by their employes, and furnish a reasonably safe place for the performance of such work as they are required to perform, and this obligation extends to the keeping of their road bed and track free from obstructions that may be dangerous to the persons of such employes in the performance of their duties on such train, so far as the exercise of reasonable care on the part of such railroad corporation can secure such safety."

As we understand it, the criticism is that the instruction should have been modified so as to present the qualification that knowledge of the conditions would bar a recovery.

The general proposition announced is not objected to, but the argument is, that in view of the evidence, the suggested modification was necessary. We think not. There is no objection to such a statement of the general rule—leaving it to the defendant to ask for a statement of any exceptions, limitations or qualifications that might be deemed relevant, in view of the proof.

That aspect of the subject was sufficiently presented to the jury in the third and fourth instructions just referred to, and in one other, the second, given for defendant.

It is lastly urged that the damages are excessive. The deceased was a young man, sound in health and of good habits, and was the sole support of his wife and child, who are the beneficiaries herein.

We can not say the amount allowed, though up to the limit of the law, is too large.

No other objections are presented in the brief of appellant.

The judgment will be affirmed.