## Wabash Railroad Company v. Benjamin F. Pickrell.

1. RAILROADS—*Liability of, for Failure to Fence Track.*—It is sufficient for a plaintiff suing a railroad for the value of stock alleged to have been killed on account of a failure of the company to maintain proper fences and cattle-guards, to show that the stock was killed at a point where the company was required to fence; he need not show that such stock entered upon the right of way at a place where the company was required to erect and maintain fences and cattle-guards.

**Trespass on the Case,** for the value of stock killed by a railroad. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

GEO. B. BURNETT, attorney for appellant.

In this State it is held that the statute requiring railroads to fence their tracks ought not to be construed so as to embrace that which is not within the statute, and that depots and stations are not embraced within its terms. That it is only side tracks not at stations or depots, and such parts of side tracks as do not constitute part of the depot yards, that can be held to be within the statute. Chicago, B. & Q. R. R. Co. v. Hans, 111 Ill. 114.

It was not sufficient for plaintiff to show that the horse in question was killed at a point where appellant was required to fence; it was incumbent on him to show by a preponderance of the evidence that the animal entered upon the right of way at a point where appellant was required to erect and maintain fences and cattle-guards. The place where the animal was struck and killed is immaterial. Great Western R. R. Co. v. Morthland, 30 Ill. 451; Bremmer v. Green Bay S. P. & N. R. R. Co., 61 Wis. 114.

A railroad company is not required to fence its road at a place where a fence would interfere with its own right in operating its road or transacting its business, nor where the rights of the public in doing business with the company would be interfered with. Toledo, Wabash & Western R. R. Co. v. Chapin, 66 Ill. 504.

The terms "station" and "depot" mean the same thing, and include the entire grounds used by the company at the station. Pittsburg, F. W. & C. R. R. Co. v. Rose et al., 24 Ohio St. 219.

Conkling & Grout, attorneys for appellee.

Suppose it was true that the mare went upon the track between the elevator and stock pen, and that it was an excepted place, and she then ran west on the track a half a mile west of excepted point, for·lack of fence and cattle-guard, still the company was liable. Atchison, T. & S. F. R. R. Co. v. Elder, 149 Ill. 173.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This is an appeal from a judgment rendered for appellee against appellant for $335, in a suit to recover for the killing of a valuable mare which had gone upon appellant's railroad track and was struck by a passing train.

The negligence charged in the declaration was failure to fence the railroad track and right of way, and erect cattle-guards thereon at a place west of the station of Lanesville, in Sangamon county, where the mare was killed.

Lanesville is a small, unincorporated village, the buildings consisting of appellant's depot, two elevators, an elevator office, two stores, and eight dwelling houses. In addition to its main track, appellant has a side track there, extending west from the depot about half a mile. About 230 feet west of the point where the side track connects with the main track is a cattle-guard. From that cattle-guard to the depot there is neither fence nor cattle-guard. A short distance west of the depot and adjoining the side track are two elevators and stock pens.

The mare, with other horses, escaped from appellee's pasture into the public highway, and from thence upon the right of way. She was struck by an engine on the main track at a point nearly half a mile west of the depot and about 300 feet east of where the side track joins the main track. The

evidence clearly shows that she was killed at a point where it was the duty of appellant to fence against stock.

The evidence also shows that all that portion of the right of way between the depot and the stock pens was necessarily kept open for the convenience of the public in transacting business with appellant. It was not the duty of appellant to fence that portion of its track. At some point between the stock pens and the place where the mare was killed, there should have been a cattle-guard connected with a fence.

It is contended that she went upon the track between the west elevator and the stock pens, at a place where the company was not required to fence, and for that reason appellee was not entitled, under the pleadings, to recover. The evidence does not clearly show where she entered upon the track. No one saw her when she did so. It was shown that there were tracks leading from the highway through the space between the elevator and the stock pens onto the railroad, but it was not shown that there were no tracks from the highway to the railroad at any point between the stock pens and the cattle-guard. Jos. P. Kent testified that a few minutes before hearing the whistle of the engine he saw the horses (some ten or twelve in number) going west on the highway past the elevator and stock pens. But if the evidence was clear that the mare went from the highway onto the railroad between the elevator and the stock pens, appellant would be liable. There was nearly half a mile of unfenced track where the statute imposed the duty of erecting fences and cattle-guards suitable to keep out stock. Had appellant performed its duty in that regard, appellee's mare could not have gone to the point where she was struck by the engine. There should have been a cattle-guard, connected with a suitable fence, at some point between the stock pens and the place where she was killed. She went from an excepted place on appellant's right of way to a place that was not excepted because there was not a cattle-guard there as required by statute. The effect of a holding in accord with appellant's contention in this class of cases

would be to make a railroad company that had failed to fence any portion of its road liable only for injury to stock that had come upon the right of way at a point where the statute required it to fence, and not liable for injury done to stock that had come upon the right of way at a point not required to be fenced, and had gone from there to a place where the statute did require it. In other words, a company having no fence or cattle-guards whatever would not be liable for stock that had come upon the right of way at a highway crossing and, after wandering along the track, was killed at a place required to be fenced. In carrying out the design which the legislature had for the protection of the traveling public, as well as for the owners of stock, the statute provided for cattle-guards as well as fences. To hold as contended for would violate the purpose of the legislation.

We are unable to concur in the contention that the judgment should be reversed because appellee failed to prove the averments of his declaration. In the second count it is averred that the defendant "failed to fence its track and right of way or erect cattle-guards thereon at and near the west end of its station yards at Lanesville, and west from that point for a long distance, to wit, half a mile, suitable and sufficient to prevent horses from getting on such railroad track and right of way, whereby and for want of such fence and cattle-guard a certain mare of plaintiff of the value of $500 went upon said railroad track and right of way and was killed by the engine and cars of the defendant." The count covers the point where she went on the track as well as where she was killed.

With the views above expressed it is not necessary to discuss in detail the refused propositions of law.

We do not think the damages fixed by the court were excessive. The animal killed was a valuable brood mare with foal, and was shown to be worth at least $300. An allowance of $300 for the mare and $35 for attorney fees did appellant no injustice.

Judgment affirmed.