## Chicago and E. I. R. R. Co. v. H. M. Blair.

1. RAILROADS—*Liability of, for Failure to Fence Track.*—Where stock enters a railroad right of way at a place exempted from the operation of the statute in regard to fences and cattle guards, and wanders along the track to a place not exempted, because of a failure to erect a suitable fence or cattle guard, and is there killed by a train, the railroad company is liable.

2. SAME—*Duty of, to Fence Tracks—Depot Grounds Exempt.*—Such part of the depot grounds of a railroad company as is necessary for the use of the road by the public is excepted from the operation of the statute even though not within an incorporated city or village.

3. APPEALS AND ERRORS—*Errors in Instructions Where the Judgment is Clearly Right.*—Where, on the facts as shown by the record, the judgment of the trial court is clearly right, this court will not interfere on account of an error in an instruction.

**Trespass on the Case,** for killing stock. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND W. BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

W. J. CALHOUN, attorney for appellant.

TILTON & CUNDIFF, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment rendered by appellee in an action against appellant for the killing of a mare and colt by a train upon the right of way where the law required appellant to fence.

A reversal is sought because appellant was exempted from fencing its right of way at the place where the stock went upon the track, and because the court improperly instructed the jury.

West Newell is a station on appellant's railroad. The only buildings there are the store, residence and stable of appellee, located on the west side of the railroad track, which at that point extends north and south. A public highway crosses the railroad at right angles, so that appellee's store is at the southwest intersection of the highway and right of way.

On the east side of the main tracks and at the southeast intersection with the highway is a passenger platform. On the west side of the main tracks is a side track, by which and south of the highway are located stock pens, corncribs and scales, which are used by the public in transacting business with appellant. The right of way is open for 800 feet south and for 930 north of the highway. There are no structures on the north side of the highway, but the evidence shows there was a team track leading along the side track and occasionally used by the public for unloading coal and for loading ties and other timber. The chief loading and unloading done by the public was south of the highway, however.

Appellee's mare and colt escaped from his barn in the night time and entered the right of way south of the highway. Wandering from there to the north, they were killed at a point nearly 800 feet north of the highway.

The evidence clearly shows that at the point where the stock first went upon the track appellant was exempt from fencing.

It was at a place used by the public in receiving and load-

ing freight. That fact would not exempt appellant from liability, however, if they were killed at a point not excepted, and had reached there because of appellant's failure to protect by suitable fence and cattle guard.

This court has held that where stock enters a railroad right of way at a place excepted from the operation of the statute and wanders along the track to the place not excepted, because of failure to erect a suitable cattle guard, and is there killed by a train, the company is liable. The Wabash Railroad Company v. Pickrell, 72 Ill. App. 601.

Taking the most favorable view of the testimony from appellant's standpoint, it was not necessary to the use of the side track by the public that the right of way be open for more than 500 feet north of the highway. Between that point and the cattle guard was a distance of over 400 feet where the statute imposed the duty of erecting fences and cattle guards suitable to keep out stock. Had appellant performed its duty in that regard, appellee's mare and colt would not have gone to the point where they were killed.

The court erred in instructing the jury, as it did for appellee, that a legal obligation rested upon appellant to fence and maintain cattle guards along its entire line of road, except at highway crossings and within incorporated cities, towns and villages.

In construing the statute on which this action is based, our Supreme Court has held that such part of the depot grounds necessary for the use of the road by the public is excepted from the operation of the statute even though not within an incorporated city or village.

But the court correctly gave the jury the law and fully covered this point in instructions for appellant.

And had such instructions not been given for appellant, we should refuse to disturb the judgment because, on the facts, it is right.

Judgment affirmed.