## Toledo, St. Louis & Western R. R. Co. v. John Deliplane.

1.   NEGLIGENCE—*A Question of Fact for the Jury.*—It is a question of fact for the jury to decide whether or not a party is guilty of contributory negligence.

Trespass on the Case, for the death of a colt.   Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge

presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

CHARLES A. SCHMETTAU, A. BRADEN CLARK and E. B. GLASS, attorneys for appellant; CLARENCE BROWN, of counsel.

BANDY & SULLIVAN, attorneys for appellee; D. J. SULLIVAN, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit by appellee against appellant, commenced before a justice of the peace, to recover the value of a mule colt, killed by the engine and cars of appellant. From the judgment rendered by the justice, the case was appealed to the Circuit Court of Madison County and there tried by jury, resulting in a verdict and judgment in favor of appellee.

The suit is based upon the statute requiring railroad companies to fence their tracks, and making them liable for damages which may be done by engines or cars, to cattle, horses, or other stock thereon.

The following statement sufficiently discloses the case for the purposes of this opinion.

At Horse Shoe Lake, appellant maintains no station building. There is, at this point, a side track south of the main track, which runs approximately east and west one hundred and fifty yards long, holding twelve to fifteen cars. South of the side track is a warehouse, used for storing and delivering shipments. The side track and warehouse are used by the public generally, in delivering and receiving freight at this point, it being customary for teams to drive up close to the track in order to load or unload shipments, on or from cars standing upon the track. There are no fences along appellant's right of way opposite the side track and warehouse, nor for a distance of about a mile either way from the warehouse.

On August 19, 1901, about 8 A. M., appellee drove up to this side track with a wagon and team, in order to unload a car load of oats consigned to him, which had been delivered

upon the side track. His team consisted of a mare and a mule. A mule colt between five and six months old accompanied the mare, running loose. While appellee was unloading, this colt was permitted to run loose close to the side track and main track. While appellee was at work unloading the car, a switch engine and train, running west, passed along the main track. The colt followed this train, according to the testimony of one of the trainmen, upon the right of way, and according to appellee's testimony partly upon the right of way and partly upon the adjoining property. It continued following the train until it reached a culvert, or trestle, on the right of way, near a road-crossing a mile or more from Horse Shoe Lake. The colt fell through the trestle and while it was in this position, a passenger train, following the freight, struck and killed it. Owing to its position in the trestle, it was out of sight of the engineer of this train. One of the crew of the freight train, seeing the colt caught in the trestle, ran back to flag the passenger train, as soon as he could leave his train, but arrived too late to prevent the accident.

Appellee was familiar with the surroundings of the side track at Horse Shoe Lake. He knew that there were no fences at this point for a mile or more in either direction. He knew that trains frequently passed during the morning. He took no precaution to prevent the colt from going upon the right of way, and while he was engaged in his work, permitted it to run loose in close proximity to the railroad tracks.

Upon the trial of the case the court gave to the jury, at the instance of appellee, the following instruction:

" The court further instructs you, that if you believe from the evidence in this case, that the mule colt of the plaintiff got upon the track of the defendant railroad, where the company was by law required to construct and maintain fences to prevent cattle, horses, sheep, hogs, and other stock from getting on such railroad, as explained in the instructions given you by the court in this case, and if you further believe from the evidence that the defendant railroad had been in operation, at the place in question, for six months

or more prior to the time when the mule so got onto the track in question, and if you further believe from the evidence that the railroad track of the defendant was not there fenced as required by law, as explained by the instructions given you, and if you further believe from the evidence that the said mule colt went upon said track by reason of its not being so fenced—if you believe from the evidence that it was not so fenced, and if you further believe from the evidence that after the said mule colt got upon the track as aforesaid, if you believe from the evidence it did so get upon said track, the said mule colt was killed on said track by the agents, engines or cars of the defendant railroad company, as claimed by the plaintiff in this case, then the plaintiff has a right to recover in this case the fair market value of the mule colt, as shown by the evidence, and also reasonable attorney's fees for trying the case in the justice of the peace court upon appeal, as shown by the evidence."

And the court refused to give to the jury the following instruction asked by appellant:

" In this action, if you find from the evidence that the plaintiff voluntarily brought his mule colt up to or near the loading-track of the defendant at Horse Shoe Lake, where he knew trains were likely to pass at any time, and there permitted said mule to wander without restraint and unattended, and to go upon the track of the defendant where he knew the same was not fenced, and if you find that in so doing the plaintiff was guilty of contributory negligence, then, in that event I instruct you that you must find the defendant not guilty, although you may also believe the defendant guilty of negligence."

The holdings of the trial court upon the above quoted instructions entirely relieved appellee from any duty to exercise care or diligence to prevent injury to his property. No instruction given in the case imposes any duty upon appellee in this respect.

Counsel for appellee contend that it is apparent from the evidence, as matter of law, that appellee was not guilty of any contributory negligence, and counsel for appellant insist that it is apparent from the evidence that he was guilty of negligence, *per se*. Each cite cases in support of the respective positions. The facts of this case do not bring

it under the extreme rule contended for by either. This case falls within that largest of all classes, wherein it is a question of fact for the jury to decide whether or not the injured party was guilty of contributory negligence. That question ought to have been submitted to the jury.

It is insisted here by counsel for appellee that contributory negligence would not be a defense in this case even if it be admitted that it did concur, because " of the negligence of appellant after being aware of the mule's peril." The case was not tried upon that theory, and there is nothing in the record from which we can infer that the jury took that phase of the case under consideration and passed upon it; it was not in any manner submitted to them. The only questions submitted to the jury as to appellee's right to recover, were, whether the colt got upon the track where the company were required by law to fence, whether the road had been in operation for six months, and whether the colt was killed; no question as to negligence on the part of appellant or contributory negligence on the part of appellee was submitted to the jury. In many cases against a railroad company for killing stock upon its track where the law requires the track to be fenced, no question as to negligence or contributory negligence is involved; and in such cases it is entirely proper to ignore those questions in the instructions. In this case the question of contributory negligence is involved in the facts as disclosed by the evidence, and, at least upon appellant's request, it should have been submitted to the jury. It is true that there is evidence in the record tending to prove that appellant's servants were guilty of negligence after they saw the mule following the train, and that question might have been submitted to the jury if appellee's counsel had desired, but it was not, and we can not usurp the functions of a jury and pass upon it here, as an original proposition in this court.

The judgment of the Circuit Court is reversed and the case remanded.