## Wabash Railroad Company v. Bridget Gaull, Admx., etc.

1. RIGHT OF WAY—*non-liability of railroad company for failure to fence.* A railroad company is under no common-law duty to fence its right of way and a cause of action does not arise in favor of the personal representatives of one who has lost his life by reason of his horse running away and upon an embankment of a railroad company lawfully and properly built upon its own land.

2. RIGHT OF WAY—*non-liability of railroad company for failure to fence.* The statute of this state requiring railroad companies to fence their rights of way was not designed for the protection of travellers upon a public highway whose injuries might result by reason of their horses taking fright and running away and upon embankments lawfully and properly built upon such rights of way.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Reversed, with finding of facts. Opinion filed October 14, 1904.

C. N. TRAVOUS, for appellant.

JOHN A. BELLATTI, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

The declaration consists of two counts. The first count sets out that appellant's railroad extends eastward from Jacksonville to and through the village of Alexander; that from the western boundary of that village for a distance of more than a half mile the railroad runs parallel with

and adjoining the public road; that west of the village.the railroad crosses a. ravine, and across the ravine defendant made an embankment which is about fifteen feet above the public road; that it was the duty of defendant to maintain a fence along its right of way sufficient to prevent horses from leaving the highway and getting upon its railroad track, and for the protection of persons driving along the highway, but negligently permitted its tracks to remain without a fence; that on April 21, 1903, between eight and ten P. M., plaintiff's intestate, Thomas McDonald, was driving a two-horse wagon along the highway at that locality with due care, when his horses took fright and ran away, and, by reason of there being no fence there, ran upon and along the railroad track to a point east of the ravine and there threw or rolled themselves, the wagon, and McDonald down the embankment, whereby he was killed.

The second count is the same as the first except that it pleads the statute requiring railroads to fence their right of way, and right of recovery is based upon defendant's failure so to fence.

The first count is purely a count for negligence at common law and is so stated to be by counsel for appellee. In argument counsel say: "Appellant constructed and maintained a dangerous structure upon its own land immediately adjoining a public highway and failed so to protect the structure that a traveler on the highway, in the exercise of due care, might not run upon it and be injured." There was no element of danger in the embankment. It was solid, immovable and harmless. It was lawfully and properly built and was upon defendant's own land. It was more harmless to plaintiff's intestate than the fence would have been, the absence of which is complained of as negligence. If the team was running away, as charged, and in the direction as claimed, it would have run into the fence, if one was there. If it avoided the fence, it would have run into the ravine, and in either case the same result in all probability would have ensued. In such case it would hardly be claimed that defendant was guilty of negligence

in having a fence there, or in allowing the ravine to remain there in a state of nature. No cause of action is set up in the first count. There was no duty at common law resting upon defendant to fence its right of way. Illinois Cent. R. R. Co. v. Carraher, 47 Ill. 334.

As to the second count, it has been held that the statute in question requiring the right of way to be fenced, has application in cases where, through want of fences, stock get upon a railroad right of way and are killed or injured by the agents, engines or cars of the corporation; and it has also been held that such injury must have been occasioned by actual contact, actual collision, with the stock; that is, it must have been done by the "agents, engines or cars" of the corporation. Schertz v. I. B. & W. Ry. Co., 107 Ill. 580. It has also been held that the statute applies in cases where, through defect or want of fences, stock got upon the right of way and, by reason of collision therewith, a train is derailed and thereby an employee engaged on that train or a passenger therein is injured. A., T. & S. F. R. R. Co. v. Elder, 149 Ill. 173; T. H. & I. Ry. Co. v. Williams, 172 Ill. 379.

In the Carraher case, *supra*, it is said the statute "is designed to protect the travelling community from accidents occasioned by stock getting upon the road and also to prevent damage to stock."

In Donnegan v. Erhardt, 119 N. Y. 468, which is quoted approvingly in the Williams case, *supra*, it is said: "That duty (to fence), it is reasonable to suppose, was imposed not only to protect the lives of animals, but also to protect human beings upon railroad trains."

In Dickson v. Omaha and St. Louis R. R. Co., 124 Mo. 140, the court say: "It is true that the statute requiring railroad corporations to fence their tracks, only in express terms gives to the owners of cattle and other animals killed or injured in consequence of a neglect to perform this duty, a right of action; yet it was designed likewise for the protection and safety of the travelling public."

Was the statute enacted for the protection of a traveller

upon a public road under the circumstances alleged in this count? We know of no reported case like unto this, and it seems counsel have not been able to find any.

Plaintiff's theory is that it was defendant's duty to fence the right of way so that a team could not get upon the slant of the embankment and thereby the wagon be overturned and injury happen to the occupant. That is not the scope of this statute. It is intended to protect from injury under the circumstances as in the cases above cited, and perhaps in cases where persons on the highway or elsewhere without their fault get upon the right of way by reason of there being no fence, and are injured by " agent, engine or car " of the railroad corporation.

No train of defendant struck McDonald, his team or wagon; no train was then passing or near. No cattle of any kind were upon the right of way, no collision took place. It was not a traveller by railroad who was killed. The accident could as well have happened if the railroad had followed the natural contour of the ground, if a railroad could be so run, instead of being raised to a level by embankment. The embankment was in plain sight; it contained no hidden mischief; there was not in or about it any natural or artificial element of danger; it was as harmless as a hillside skirting the road. If it had been raised upon the land of an individual no thought would arise that it was unlawful or dangerous.

The second count sets out no cause of action and the proof shows no cause of action exists.

The judgment will be reversed without remandment.

<em>Reversed.</em>

Finding of facts, to be incorporated in the judgment of the court:

We find that under the first count of the declaration the defendant was guilty of no negligence contributing to the death of plaintiff's intestate.

We find that under the second count of the declaration the failure of the defendant to fence its right of way was not the proximate cause of death of plaintiff's intestate.