## Toledo, St. Louis & Western Railroad Company v. John Delliplane.

1. CONTRIBUTORY NEGLIGENCE—*what not, in action for killing of colt.* It is not contributory negligence, as a matter of law, for the owner of a colt to permit it to follow its dam while being driven.

2. FENCE—*what does not establish liability of company for failure to.* It is not the law that the place where the stock comes upon the right of way, and not the place where it was killed, which determines the railroad company's liability under the fencing act.

Action commenced before justice of the peace. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed March 17, 1905.

CHARLES A. SCHMETTAU and E. G. GLASS for appellant; CLARENCE BROWN, of counsel.

BANDY & SULLIVAN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit by appellee against appellant, commenced before a justice of the peace of Madison county, to recover the value of a mule colt, killed, by an engine and cars of appellant. The suit is based upon the statute requiring railroad companies to fence their tracks, and making them liable for damages which may be done by engines and cars, to cattle, horses and other live stock, where the law requires the tracks to be fenced, and, where they are not so fenced.

This case was before this court at a former term, and is reported in 106 Ill. App. 634. The controlling facts of the case as they appear in the record now before us are not so materially different from the facts disclosed in the former record as to require a restatement of the case.

The judgment of the trial court was reversed and the cause remanded on the former appeal, because of errors in giving and refusing certain instructions as to the law of contributory negligence. Upon that appeal counsel for appellee contended that it was apparent from the evidence, as a matter of law, that appellee was not guilty of any contributory negligence, and counsel for appellant contended that it was apparent from the evidence, as a matter of law, that appellee was guilty of such contributory negligence as to bar a recovery. And the court held that the facts of the case did not bring it under the extreme rule contended for by either, and said: "This case falls within that largest of all classes, wherein it is question of fact for the jury to decide whether or not the injured party was guilty of contributory negligence. That question ought to have been submitted to the jury."

Appellant's position, on the appeal now before us, is disclosed in the following quotation from counsel's brief: "When this case was last in this court, it was reversed for the reason that the trial court had refused to submit the question of contributory negligence to the jury, and it was said that under the evidence at the former trial, the case

came within that class of cases in which the question of contributory negligence must be left to the jury. At the new trial it was left to the jury, and the jury decided in favor of appellee, but, notwithstanding this finding, we submit that the evidence of appellee's contributory negligence is so overwhelming that the verdict of the jury is not supported by the evidence."

Counsel here renew their contention that in allowing the colt to follow its dam as she was being driven by appellee, in harness to his wagon, he was voluntarily permitting it to run at large, and that this constituted contributory negligence *per se* and cite a long list of cases in support of their contention. Not one of the cases cited turns upon facts sufficiently analogous to the case at bar to make it controlling here. We are still of opinion that the case falls within that class of cases in which the question of contributory negligence must be left to the jury.

Counsel complain of the modification, by the trial court, of the fifth and sixth instruction asked by appellant. The fifth and sixth, as asked were as follows:

"(5) In an action of this kind, it is the place where the animal goes upon the right of way that determines the liability of the railroad company, and not the place where the animal was killed. And in this action, if you find from the evidence that the plaintiff's mule colt entered upon the defendant's right of way at a point where the defendant was not required to fence, your verdict should find the defendant not guilty.

"(6) The court instructs you that the defendant is not bound to fence its tracks where passengers and freight is received and discharged and where public convenience requires that there should be unobstructed access to the building or tracks; and in this case, if you believe from the evidence that the mule in question went upon the railroad track at a place where the same was not required by law to be fenced, as explained to you in the first part of this instruction, and from there wandered down the track or

T., St. L. & W. R. R. Co. v. Delliplane.

right of way and was killed, you should find the defendant not guilty."

These instructions as asked did not state the law correctly. We do not understand the law to be as contended for by counsel that in a case like the one at bar, "it is the place where the stock comes upon the right of way, and not the place where it was killed, which determines the railroad company's liability under the fencing act."

The question here raised has been under consideration in both the Appellate and Supreme Courts of this state. In Wabash R. R. Co. v. Pickrell, 72 Ill. App. 601, the court held: "It is sufficient for a plaintiff suing a railroad company for the value of stock alleged to have been killed on account of a failure of the company to maintain proper fences and cattle-guards, to show that the stock was killed at a point where the company was required to fence; he need not show that such stock entered upon the right of way at a place where the company was required to erect and maintain fences and cattle-guards." And in C. & E. I. R. R. Co. v. Blair, 75 Ill. App. 659, the court held: "Where stock enters a railroad right of way at a place exempt from the operation of the statute in regard to fences and cattle-guards, and wanders along the track to a place not exempt, because of a failure to erect a suitable fence or cattle-guard, and is there killed by a train, the railroad company is liable." This view of the law is supported by the opinion of the Supreme Court in A. T. & S. F. R. R. Co. v. Elder, 149 Ill. 173.

We find no material error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*