Ella C. Haring, Appellee, v. Henry Godbersen and Clara Godbersen, his wife, Appellants.

Gen. No. 47,032.

First District, Second Division.
February 19, 1957.
Released for publication April 2, 1957.

Lyle, Havey & Gage, of Chicago, for appellants.

David Larson, of Chicago, for appellee.

JUDGE McCORMICK delivered the opinion of the court.

The only two questions before this court on appeal are as to whether or not this foreclosure suit should have been dismissed at the close of the testimony before the master, on the ground that the plaintiff had not authorized its filing, and as to whether or not the fees recommended by the master and allowed by the court to the plaintiff's attorney were excessive.

 It is our opinion that the contentions raised by the defendants are not properly before us. Fact findings made by a master and not excepted to by the defendant before the chancellor cannot be raised on appeal. Fischer v. Slayton & Co., Inc., 10 Ill.App.2d 167; Decatur Coal Co. v. Clokey, 332 Ill. 253. In the instant case the objections which were filed to the master's report were overruled. No exceptions were filed, nor was an order entered allowing the objections filed to the master's report to stand as exceptions before the chancellor. Even in the objections filed before the master no complaint was made of any lack of authority of the attorney. Nor can we find from the abstract of the record where the contentions here urged were even informally raised or argued before the chancellor. In any case, even if the matter was properly before us, where the master has heard the evidence and makes findings of fact which are approved by the chancellor, we could not disturb them unless they were against the manifest weight of the evidence. Velsicol Corp. v. Hyman, 405 Ill. 352.

 Considering the contentions on the merits, there is no question that it is the law that an attorney must be actually employed for the purpose before he can represent a party in court. Frye v. County of Calhoun, 14 Ill. 132. However, the objection must be

97

raised either by a motion or in the answer, and it cannot be raised by evidence brought out during the taking of testimony on the merits of the case. Emerson v. Fleming, 246 Ill. 353; Ransom v. Jones, 1 Scam. (Ill.) 291. Here the only matter in the record with reference to the authority of the attorney was brought out during the examination and cross-examination of witnesses on the merits of the case. In his report the master says: "Though the defense of lack of authority was not raised in the Answer, it was suggested in the hearings before the Master, and as a result thereof considerable testimony was introduced. There is no foundation whatever for this contention. The first attorney for the plaintiff testified that he was given the trust deed and the note involved in this proceeding by the plaintiff with instructions to take whatever action he deemed necessary. Later, at the request of the defendants, the plaintiff was produced at the Master's hearing and testified that she had given full authority to her attorneys to take any steps that might be necessary to collect the indebtedness, including foreclosure proceedings if necessary." The finding of the master is amply supported by the evidence.

██ The allowance of attorney's fees by the chancellor on recommendation of the master is in accord with the ordinary, reasonable and customary attorney's fees allowable at the time in the County of Cook and State of Illinois for services such as were rendered in this case, and is supported by the evidence.

██ In our opinion this appeal is frivolous. The plaintiff filed a motion in this court, which was taken with the case, that in case the decree of the trial court was affirmed this court should make an appropriate award of additional attorney's fees to the plaintiff, and in the alternative, that the case be remanded to the trial court to hold such hearings as may be necessary to determine the amount of additional fees. This court

98

has no power to allow attorney's fees, and the plaintiff's motion requesting us so to do is denied. Lake Erie and Western R. Co. v. Beam & Son, 60 Ill. App. 68; Kingsbury v. Powers, 26 Ill. App. 574. Plaintiff's motion in the alternative is allowed.

The cause is remanded to the trial court to determine, on a hearing, the amount of additional attorney's fee to be allowed to the plaintiff for the necessary services rendered by her attorney in the proceedings in this court, and the trial court is instructed to modify the decree originally entered to include the additional fees allowed. The decree of the Superior Court in all other respects is affirmed.

Decree affirmed and cause remanded.

ROBSON, P. J. and SCHWARTZ, J., concur.