Louis Colletti, Plaintiff-Appellee, v. Schrieffer's Motor Service Inc., a Corporation, and Edward Edwards, Defendants.
On Appeal of Schrieffer's Motor Service Inc., a Corporation, Defendant-Appellant.

Gen. No. 48,761.

First District, First Division.
November 19, 1962.

Harold E. Marks and Stanley Werdell, of Chicago, for appellant.

Piacenti & Cifelli, of Chicago Heights (John J. Nelligan, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendant, Schrieffer's Motor Service, Inc., appeals from an order sustaining plaintiff's motion to strike defendant's petition to vacate an $8500 default judgment. Defendant's petition, based on section 72 of the Civil Practice Act, was filed six months after judgment.

On December 5, 1958, in Chicago Heights, Illinois, an automobile, owned and operated by plaintiff, collided with a truck, owned by defendant and operated by its employee. On December 5, 1960, plaintiff filed suit against defendant and its employee, seeking recovery for personal injuries and damage to his automobile, allegedly caused by the negligent acts of defendant's employee in operating defendant's truck. The defendant employee was not served with summons and was dismissed from the action without prejudice. Defendant Schrieffer was served with summons on

December 7, 1960, and was defaulted on March 21, 1961. The ex parte judgment for $8500 was entered on May 11, 1961.

On November 14, 1961, defendant filed its petition and supporting affidavits to vacate the judgment. In substance, the petition alleges that defendant had an insurance policy with Mid-Union Indemnity Company, which covered plaintiff's claim, and that shortly after service the summons and a copy of the complaint were mailed to Jack W. Heeren, who was general agent for Mid-Union, and who then maintained offices in Chicago; that within a few days after such mailing, an officer of defendant, Schrieffer's Motor Service, telephoned Heeren and verified receipt by Heeren of the papers, and Heeren assured defendant's officers that the matter would be properly and duly attended to; that within two weeks of said mailing, one of defendant's officers again telephoned Heeren's office and was informed that proper steps had been taken to protect petitioner in connection with this suit; and that defendant had no knowledge of the judgment until October, 1961, when it was served with a citation to discover assets.

The petition further alleges facts of its defense to plaintiff's action; that plaintiff was traveling at an excessive speed and collided with defendant's stationary truck; that plaintiff admitted to persons at the scene that he had viewed the truck's turn signal flashing but had not been able to stop in time; that plaintiff's subrogee had filed a "full and complete" release in consideration of a check for $104.32 from defendant's insurer. In addition, defendant's petition questions whether plaintiff had sustained any injuries at all, and terms the $8500 "unconscionably excessive."

In support of defendant's petition are affidavits of Heeren and of defendant's employee, the truck driver. Heeren's affidavit states that defendant's officer

131

turned over to him the summons and a copy of the complaint on December 15, 1960, and that at that time, he (Heeren) checked his files and found the release from plaintiff's subrogee; that between December 15 and about December 30, 1960, Heeren moved his offices from Chicago to Northbrook, Illinois, and in the process either "misplaced or misfiled" the summons and complaint; that defendant's officer "made numerous inquiries with respect to the summons" and was told by Heeren and his office staff that all matters were being attended to, and that in October, 1961, upon being informed by defendant's officer that a default judgment had been entered, Heeren then searched his files and discovered the summons and complaint among his papers. The affidavit of the truck driver sets forth a description of the facts of the collision corresponding to the defensive allegations in defendant's petition.

As the trial court sustained plaintiff's motion to strike defendant's petition, the only question before us is whether the petition and its supporting affidavits, not denied and therefore taken as true, adequately set forth sufficient facts to show that the trial court abused its discretion in denying the petition.

Section 72 of the Civil Practice Act provides for the procedure by petition for relief from final orders, judgments, and decrees, after 30 days from the entry thereof. As amended in 1955, section 72(1) abolishes the common-law and equitable procedures by which a final judgment might formerly have been set aside. "[It] is intended to make applicable to actions of every nature the post-judgment relief now available under any of the former procedures." Joint Committee Comments, Ill Rev Stats c 110, § 72, p 770 (1956).

Due to the basic change initiated by Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350 (1952), subsequently codified in the 1955 revision of section 72(1), it is apparent that "all prior decisions relating to proceedings

132

of this character must now be reconsidered in the light of Ellman v. De Ruiter." Lichter v. Scher, 4 Ill App2d 37, 39, 123 NE2d 161 (1955); Dann v. Gumbiner, 29 Ill App2d 374, 380, 173 NE2d 525 (1961).

■ However, relief from a default judgment on the basis of the equitable principles referred to in the Ellman case is to be granted only "when the occasion demands it, . . . when the exercise of such power is necessary to prevent injustice." (Ellman v. De Ruiter, 412 Ill 285, 292, 106 NE2d 350.) A competing policy is also present in these cases, militating against a misuse of the power to vacate a judgment, as well stated in Till v. Kara, 22 Ill App2d 502, 511–12, 161 NE2d 363 (1959):

"While the trend of judicial decision may be . . . to determine suits upon their merits and according to the substantive rights of the parties, when a party is sued and process duly issued and regularly served as provided by law and orderly procedure and practice is observed, a party must be governed by the law and rules of practice and must present his defense if he desires to contest the demand of the plaintiff for judgment. . . . A motion of the kind here presented, seeking to set aside a final judgment of a court having jurisdiction of the parties and the subject matter, is one of serious import and if treated lightly, threatens the stability of our courts."

■■ A party seeking to set aside a judgment must show more than a meritorious defense; his petition and affidavits must also set forth facts indicating that he has exercised due diligence in preventing the entry of the ex parte judgment. (Dann v. Gumbiner, 29 Ill App2d 374, 381, 173 NE2d 525; Till v. Kara, 22 Ill App 2d 502, 509, 161 NE2d 363, and cases cited therein.) As we believe the instant petition does not set forth

133

facts indicating that defendant exercised due diligence in preventing the entry of the ex parte judgment, it is unnecessary to consider, determine, or pass upon the merits of the defense set forth in defendant's petition.

Defendant contends that the facts related in its petition indicate the exercise of due diligence in preventing the entry of the default judgment, and argues that these facts are "almost identical" to those in the case of Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525, wherein this court held that the requirement of diligence was satisfied. We do not agree. The Dann case is distinguishable on its facts. The difference between the Dann case and the instant case is that in the former there was no suggestion of negligence in the handling of the summons by anyone, while here negligence is affirmatively set forth in the affidavit of Heeren submitted in support of defendant's petition.

█ We agree with defendant that Heeren was the agent for the insurance company. However, defendant's reliance on Heeren is not a ground for relieving defendant of the consequence of Heeren's negligence, because Heeren's negligence, being the negligence of defendant's insurance company, is chargeable to defendant.

In Chmielewski v. Marich, 2 Ill2d 568, 119 NE2d 247 (1954), although a case involving a broker, our Supreme Court considered the contention of the defendant therein that his section 72 motion should have been granted, on the ground that delivery of a summons to an insurance broker constituted due diligence, notwithstanding the brokers' subsequent negligence in defending. Speaking for a unanimous court, Mr. Justice Schaefer stated: "This contention is without merit. [Defendant's] reliance on the insurance brokers is not a ground for relieving him of the consequence of the brokers' apparent failure to fulfill their undertaking." (Chmielewski v. Marich, 2 Ill2d 568, 576, 119 NE2d

247.) We also note that there is authority for the proposition that the failure of an insurer to inquire of the insured as to facts upon which the latter's defense is to be predicated is some notice that no defense is being prepared. Till v. Kara, 22 Ill App2d 502, 161 NE2d 363.

Defendant also cites a number of cases to the point that notice served upon the agent of an insurance company is notice to the insurance company of the claim. These cases are not in point here. We are not here concerned with the rights of defendant, of Heeren, or of the insurance company among themselves. The only question before us is whether, as between defendant and plaintiff, defendant's petition and supporting affidavits set forth facts indicating that defendant exercised due diligence in preventing the ex parte judgment or a reasonable excuse for not having made its defense in due time. Our conclusion is that it does not do so.

For the reasons indicated, we believe that the trial court's order sustaining plaintiff's motion to strike was not an abuse of discretion and, accordingly, the order is affirmed.

Affirmed.

BURMAN, P. J. and ENGLISH, J., concur.