**Lillian S. Sitek, Plaintiff-Appellee, v. Lillian Thomas, etc., et al., Defendant-Appellant.**

**Gen. No. 50,972.**

First District, First Division.

January 23, 1967.

Black and Beermann, of Chicago (Benjamin H. Black, of counsel), for appellant.

Dowdle & Moscato, of Chicago (Richard E. Dowdle, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant, Lillian Thomas, administrator of the estate of John Jakubec, deceased, appeals from a deficiency decree entered in a mortgage foreclosure proceeding. As administrator she contends (1) the complaint failed to state a cause of action "upon which to support a deficiency decree so as to reach the inventoried assets of the estate," and (2) the failure of plaintiff to file a claim in the Probate Court of Cook County barred plaintiff from participating in the assets of the estate of the decedent which had been inventoried within nine months from the issuance of letters.

John J. Jakubec died May 1, 1963, and on May 3, 1963, letters of administration were issued to Lillian Thomas by the Probate Court of Cook County. The instant foreclosure proceedings were filed in the Circuit Court of Cook County on July 12, 1963. Both the caption and the introductory paragraph of the complaint included: "Lillian Thomas, Administrator of the Estate of John J. Jakubec, Deceased." In the body of the complaint, under the heading "Names of persons claimed to be personally liable for Deficiency, if a deficiency decree is prayed for," appears: "Estate of John J. Jakubec, Deceased." The prayer for relief was for the foreclosure of the mortgage and "for a personal deficiency decree."

Summons was served on the defendant administrator on August 20, 1963, and an appearance was filed on her behalf, as administrator. She failed to answer or plead to the complaint and was adjudged in default.

The decree of foreclosure and order of sale was entered on April 7, 1965. The property was sold on May 19, 1965, for $4,500, and the master's report of sale filed

on May 24, 1965, found a deficiency. On June 11, 1965, the defendant administrator filed verified objections to the master's report, in which it is related that at the time of the filing of the complaint there was a balance due on the mortgage note of $26,316.95, and that no claim had been filed in the Probate Court for the balance of the mortgage note, although the attorney for the plaintiff did enter his appearance in the Probate Court proceedings on September 19, 1963. It is further stated, "the said administrator is not liable for said indebtedness in that the note forming part of the foreclosure proceedings was never offered as a claim within the nine-month period required by the Probate Act of the State of Illinois. That the Court never had jurisdiction over Lillian Thomas as Administrator of the estate of John J. Jakubec, deceased with regard to any deficiencies as the same would be within the exclusive jurisdiction of the Probate Court of Cook County."

Defendant's objections were referred to a master, who filed a report on August 13, 1965, finding that the court did have jurisdiction to enter a deficiency decree against the defendant. On August 30, 1965, the court entered a decree which approved and confirmed "the Master's Sale and the Report of Sale and Distribution filed May 24, 1965 and the Master's Report filed August 13, 1965." It was further decreed that the plaintiff was entitled to recover from the defendant administrator "the said deficiency found due and assessed to the said Plaintiff and against the said Defendant in the sum of $37,785.69, and that execution issue therefor."

Initially, we consider defendant's contention that the right to a deficiency decree "in a foreclosure action must be determined from the pleadings and evidence," and that the instant complaint "totally fails to state a cause of action . . . so as to reach the inventoried assets of the estate." Defendant asserts that the complaint is silent as to the details of her appointment as administrator. No

allegations appear "charging her as being liable for a deficiency decree," and the " 'Estate of John Jakubec, Deceased,' is not made a party Defendant as such, yet the Complaint seeks to hold it liable for a deficiency decree."

■ Defendant's authorities are not persuasive on this point. The administrator was named a defendant in her official capacity, and the complaint disclosed a clear intention to seek a personal deficiency decree against the "Estate of John J. Jakubec, Deceased," of which defendant was named the administrator, and the prayer for relief included "for a personal deficiency decree" and "for the appointment of a Receiver after sale in the event of a deficiency." Even though the complaint failed to allege the routine details of decedent's death and the appointment of the administrator, it contained such information as reasonably informed the defendant administrator of the nature of the claim she was called upon to meet. The summons was served on defendant, as administrator, on August 20, 1963, well within nine months from the issuance of letters of administration to defendant. If the complaint was lacking "either in form or substance," the defendant's failure to object in the trial court waived these objections (Civil Practice Act, § 42). A cause of action on which the court could properly enter a deficiency decree against the defendant administrator was stated. See Fleshner v. Copeland, 13 Ill2d 72, 74, 147 NE2d 329 (1958); Brandeis Machinery & Supply Co. v. C. A. McNeely General Contracting & Equipment Co., Inc., 18 Ill App2d 396, 398, 152 NE2d 890 (1958).

Next considered is defendant's contention that plaintiff's failure to file a claim in the Probate Court within nine months from the date of the issuance of letters of administration barred plaintiff from participating in the assets of the decedent which had been inventoried within nine months from the issuance of letters. Defendant argues, "By her proceeding with the foreclosure suit, she had a right to the real estate involved, but no right to

have a deficiency entered in the Probate Court proceedings in said Estate against the administrator of the John J. Jakubec Estate despite the fact that the Administrator was made a party defendant in the foreclosure proceedings."

Defendant asserts that amendments to Article XVII of the Probate Act, entitled "Claims Against Estates," effective January 1, 1964, "indicate a legislative intention that in spite of jurisdiction of other courts, including the Circuit Court, all claims are to be filed for adjudication in the probate estate in the probate court, even when based on actions originally brought in another court, such as the Circuit Court."

We find no merit in this contention. The foreclosure proceedings were commenced on July 12, 1963, and the defendant administrator was served with summons on August 20, 1963, approximately four months after the issuance of letters of administration. The steps then taken by plaintiff were sufficient exhibition of plaintiff's claim within the time fixed by statute, for participation in the distribution of the inventoried assets, and came within the provisions of the Probate Act then in effect, and also within the pronouncements made by this court in Bosnak v. Murphy, 28 Ill App2d 110, 170 NE2d 640 (1960), where this court said (p 115):

> "[A]s to claims over which the Probate Court has no jurisdiction because of nature and content, the filing of the action in a court of competent jurisdiction will be sufficient for participation in the inventoried assets, if, during the limitation period, either service of summons be made on the executor or a filing of the claim be made in the Probate Court."

Finally, we consider defendant's contention that the deficiency decree "is not based upon facts showing a liability for the deficiency and therefore is insufficient to support the decree upon appeal, also the buyer at

the foreclosure sale refused to consummate the sale and therefore a deficiency decree could not have been entered as the amount of the deficiency was not determined."

The record indicates that the buyer at the foreclosure sale filed a motion for the vacation of the sale and a refund of his deposit. On August 30, 1965, an order was entered, which stated: "It Is Hereby Ordered that the sale to Louis N. Epstein of the property in question in the amount of $4500.00 be and hereby is approved and that his motion to vacate said sale and for a refund of his deposit be and hereby is overruled." On September 15, 1965, a rule was entered on the buyer to show cause why he should not be held in contempt of court for his failure to pay the balance of the bid accepted by the master.

From the foregoing, defendant argues that the deficiency judgment entered on August 30, 1965, for $37,-785.69 was arbitrary and based upon guess—"Until the buyer at the sale, Louis N. Epstein consummated the sale by paying the purchase price of $4500.00 the amount of the deficiency could not have been determined. . . . The law does not permit guessing in entering a deficiency judgment. The amount must be true and certain. . . . At the time of the entry of the deficiency judgment there were no proceeds of the sale of the mortgaged premises, as the buyer refused to pay the balance due and sought a rescission of the sale. He even attempts to retrieve his earnest money of $500.00."

■ Our examination of this record shows that the foreclosure proceedings, including the prayer "for a personal deficiency decree" and its entry, complied with sections 23—23.11 and 56 of chapter 95 (Ill Rev Stats 1963). Although the foreclosure sale buyer sought to vacate the sale, the court's approval of the sale made it a final sale and the proper basis for the entry of the deficiency decree against the defendant administrator.

37

The enforcement of the purchaser's bid was the responsibility of the plaintiff and no concern of the defendant administrator as long as she was given full credit for the amount of the sale approved by the court.

For the reasons given, the deficiency decree against the defendant administrator is affirmed. However, it was not proper to award execution upon this decree, and the decree is modified in this court by striking out the portion thereof which awards an execution, and it is directed that the deficiency decree be paid in due course of administration of the Estate of John J. Jakubec, deceased.

Affirmed as modified.

BURMAN and ADESKO, JJ., concur.