Lake Shore Savings and Loan Association, a Federally Insured Association, Plaintiff-Appellee, v. American National Bank and Trust Company, a National Banking Corporation, as Trustee, etc., Defendant, and Irving Atkins, Defendant-Appellant.

Gen. No. 51,826.

First District, First Division.

January 15, 1968.

L. Louis Karton and Marovitz, Powell & Pizer, of Chicago, for appellant.

Alex Janoski and Mitchell Kilanowski, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This appeal is taken by defendant, Irving Atkins, from an order denying his petition pursuant to section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 72) to vacate a default judgment entered against him in a foreclosure proceeding.

The record reveals that plaintiff, Lake Shore Savings and Loan Association, filed a suit to foreclose a $60,000 mortgage. The mortgage had been executed by the American National Bank and Trust Company, as trustee, under a land trust. Under the terms of the trust the defendant, Atkins, was the sole beneficiary. The bank, as trustee, and Irving Atkins were both made parties defendant and each was served with summons. No appearance or answer was filed by either defendant, and an order of default was duly entered against each. The court then entered an order referring the cause to a Master in Chancery. The Master reported a balance due of $58,977.30 plus costs, expenses, attorney's fees and money advanced for the payment of real estate taxes. In addition, the Master made a finding of fact that Atkins was obligated to pay plaintiff's expenses amounting to $20,-209.84, incurred in the repair and maintenance of the premises. The Master further found that Atkins was personally liable for any deficiency because he was guilty of fraud and deceit in obtaining the loan. On March 15, 1965, the Master's Report was approved by decree of the court. After a foreclosure sale of the property the court entered judgment against the defendant, Irving Atkins, holding him personally liable for a deficiency of $27,548.-26. This judgment was entered on April 20, 1965. On May 25, 1965, Atkins was served with execution, and on June

8, 1965, he filed a petition to vacate the default judgment of April 20th. His petition to vacate under section 72 was supported by affidavit. Plaintiff moved to strike the petition and his motion was sustained. This appeal followed.

In his affidavit, Atkins states, under oath, that he has a good and meritorious defense. He further states that when he was served with summons he was advised by his attorney that the complaint did not allege a cause of action against him and did not contain any allegations upon which a deficiency judgment against him could be based. His first knowledge of the deficiency judgment entered against him was when he was served with execution.

The defendant contends, on appeal, that the court erred in finding him guilty of fraud and deceit in the absence of any allegations in the complaint to inform him that such a claim would be made against him. Secondly, he contends that the court was without jurisdiction to enter a deficiency judgment against him because he was not the maker of the note or the mortgage. We believe that the defendant's first contention is dispositive of this appeal.

The question as to whether the defendant was properly found to have committed fraud in procuring the mortgage loan requires the setting out of the pertinent allegations of the complaint. In paragraph one the plaintiff seeks to foreclose a mortgage and the Bank, as trustee, and Atkins are made parties defendant. In paragraph three (c) the Bank alone, as trustee, is named as the mortgagor of the premises. In paragraph three (k) the Bank, as trustee, is named as the owner. In paragraph three (l) the following appears: "Name or names of persons, in addition to said owner or owners, who are joined as defendants whose equitable rights to redeem is sought to be barred: Irving Atkins." In paragraph three (m): "Name or names of

146

persons claimed to be personally liable for deficiency: American National Bank and Trust Company, a National Banking Corporation, as Trustee . . . and Irving Atkins." In the prayer for relief, the plaintiff prays for the foreclosure of the mortgage, for a personal deficiency decree, for the appointment of a receiver after sale, in the event of a deficiency, and for the appointment of a receiver pendente lite.

The gravamen of the complaint is a foreclosure of a mortgage on a note executed by a bank, as trustee, and for a deficiency judgment in rem. The defendant, Atkins, did not sign the note or the mortgage. The Master found that Atkins obtained the loan upon fraudulent and deceitful representations. He concluded therefrom that the defendant was personally liable for any deficiency following the sale of the mortgaged premises and the court approved these findings.

 Plaintiff's complaint, however, is barren of any allegations charging Atkins with fraud and deceit. The very object and purpose of pleadings require that the parties be confined to the matters contained therein, and therefore, no evidence can be considered except that which tends to prove well pleaded facts. It is a well established rule that a party to a suit, either at law or equity, cannot have relief under proofs which are not supported by allegations of fact. Stowell v. Satorius, 413 Ill 482, 109 NE2d 734. A judgment cannot be had against parties for fraud and deceit when no facts are alleged in the complaint to sustain it. Cummins v. Commonwealth Edison Co., 64 Ill App2d 320, 213 NE2d 18.

 Fraud is never presumed. It must be alleged or proved only by allegations and proof of facts constituting the fraud. ILP, Fraud, § 36. A party charged with fraud must be apprised of the facts and circumstances that allegedly constitute his fraudulent actions so that he knows what he is called upon to answer. Tabbert v.

Guerine, 342 Ill App 444, 96 NE2d 642. The defendant, in the instant case, was not informed by the complaint that he would be called upon to answer charges of fraud in the foreclosure proceedings, therefore, the Master exceeded his authority in hearing evidence and making a finding on this issue, and consequently the court's order approving the Master's Report is void. Kryl v. Zelezny, 290 Ill App 599, 8 NE2d 223; Armstrong v. Obucino, 300 Ill 140, 133 NE 58; Forsberg v. Harris, 27 Ill App2d 159, 169 NE2d 388. See also, City of Chicago v. Chatham Bank of Chicago, 54 Ill App2d 405, 203 NE2d 788.

 Plaintiff states in its brief that the purpose of section 72 is merely to correct errors of fact and is not available to a petitioner as a means of correcting errors of law. This is not a correct statement of the law. A motion under section 72 is proper for the correction of errors of law apparent on the face of the record. Collins v. Collins, 14 Ill2d 178, 151 NE2d 813. In the instant case the entry of a personal deficiency decree based on fraud, where no facts constituting fraud were set forth in the complaint, presents an error of law apparent on the face of the record, and therefore, is properly brought to the court's attention by motion under section 72.

 The plaintiff next contends that the defendant's motion to vacate the judgment against him, under section 72, was properly denied because the defendant failed to exercise diligence in presenting its defense. We cannot agree. When a court exceeds its authority in rendering a judgment that judgment is subject to collateral attack. Armstrong v. Obucino, 300 Ill 140, 133 NE 58. We have already pointed out that the court in the instant case exceeded its authority in finding the defendant guilty of fraud and in ordering a personal deficiency judgment on the basis of that finding. A motion under section 72 is an appropriate method for vacating a void judgment. Auto Exchange, Inc. v. Litberg, 34

148

Ill App2d 329, 181 NE2d 359. Oak Park Nat. Bank v. Peoples Gas Light & Coke Co., 46 Ill App2d 385, 197 NE 2d 73. As the judgment originally entered was void, we need not consider whether defendant exercised due diligence in terms of section 72. Oak Park Nat. Bank v. Peoples Gas Light & Coke Co., 46 Ill App2d 385, 197 NE2d 73.

■■■ We find no merit to plaintiff's contention that because Atkins failed to appeal from the March 15th foreclosure decree he cannot object to the personal deficiency judgment of April 20th. The fact that the court properly exercised its authority in entering the foreclosure decree does not prevent the judgment of April 20th, in which the court exceeded its authority from being subject to collateral attack. We have reviewed Sitek v. Thomas, 80 Ill App2d 32, 225 NE2d 115, cited by plaintiff during oral argument and find that it is inapplicable on the facts.

For the reasons stated we hold that the deficiency judgment against defendant, Irving Atkins, is void. The order of the Circuit Court denying the petition of Irving Atkins to vacate the deficiency judgment heretofore entered by the trial court against him is reversed.

Reversed.

ADESKO and MURPHY, JJ., concur.