LOUIS HOOPINGARNER, Plaintiff-Appellee, v. JORDAN PERIC et al., Defendants-Appellants.

(No. 59405;

First District (3rd Division)—April 17, 1975.

Donald E. Barliant, of Yaffe, Mark & Barliant, of Chicago, for appellants.

Joseph and Friedman, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal from the denial of a section 72 petition to vacate a default judgment entered against the defendants, Jordan and Ceda Peric. (Ill. Rev. Stat. 1969, ch. 110, par. 72.) The defendants assert that the judgment against Ceda Peric is void and that the judgment and the verdict for damages should be vacated based on the meritorious defenses alleged in their petition.

Ceda and Jordan Peric are father and son. They were born in Yugoslavia and came to the United States in 1952 and 1957, respectively. Ceda is over 80 years of age and Jordan is in his middle thirties. The plaintiff, Louis Hoopingarner, who is about 36 years old, was a tenant in a building owned by Ceda. Jordan Peric lived next door.

In July 1970 there was an altercation between the landlord and the tenant. Hoopingarner, an unemployed father of four children, was behind in his rent. He claimed that he caught Ceda altering the lock on his apartment door and that they exchanged blows. He went to call the police and when he returned, Ceda, Jordan and four unknown men assaulted him.

In April 1971 Hoopingarner filed a complaint against the two Perics and four "John Does." He alleged that while the four unknown men held him on the ground, Jordan Peric intentionally stomped on his elbow, breaking his arm and causing permanent and severe injuries.

The defendants did not answer and a default judgment was entered against them on June 9, 1971. According to the sheriff's return, they had been served with the summons and complaint on April 16, 1971. An ex parte prove-up for damages was held on September 15, 1971. Hoopingarner testified at the trial and the jury awarded him $60,000.

In November 1972 the defendants were served with a citation to discover assets. It was their first notification of the default judgment. They responded to the citation and filed a petition under section 72 to

vacate the judgment. Their petition was denied but they were granted leave to file an amended petition.

Their amended petition stated that the complaint did not state a cause of action against Ceda Peric because it did not allege any act by him that proximately caused the plaintiff's injury; that the trial court could not enter a judgment for damages with malice as the gist of the action because the complaint did not expressly request that form of relief; that copies of the summons and the complaint were not served on Jordan; that Ceda did not comprehend the significance of the summons and complaint because of his poor understanding of the English language; that Ceda brought these documents (which were actually addressed to Jordan) to his attorney, Donald Barliant, but that Barliant refused to represent him. Their petition also asserted that they did not injure Hoopingarner and that a comparison of his complaint with his testimony at an earlier criminal hearing would show that the complaint alleged a different account of his injuries.

Hoopingarner's response contended that the defendants failed to exercise diligence in presenting their defense and that their petition did not comply with either the procedural or substantive requirements of section 72; it also refuted the assertions in the petition that Ceda did not understand the importance of the papers served on him and that Jordan was not served. Attached to the response was a copy of a letter written by Barliant to the Chicago Bar Association. The letter protested the Legal Aid Bureau, a charitable organization supported by the Bar Association, representing a citizen in a personal injury case—one that a private attorney would handle on a contingent fee basis. It was contended that the letter showed that Jordan Peric knew that Hoopingarner's case was pending against him and that Barliant was Jordan's lawyer. The relevant portion of the letter stated:

"Either the Legal Aid Bureau should assume the defense of Jordan Peric or they should withdraw from proceeding with this matter. My client is prepared, with my aid, to formally complain of the conduct of the plaintiff's attorney and his office in this matter."

Hearings were held on the amended petition and answer in March and April 1973. The request to vacate the default judgment was denied, but the portion of the judgment that stated that malice was the gist of the action was deleted.

The Perics' first contention is that the court lacked jurisdiction to enter a default judgment against Ceda because the complaint did not state a cause of action against him. Ceda's name appeared at the beginning of the complaint where it stated that the plaintiff complained of Ceda, Jordan and the other defendants, but there was no further refer-

ence to him. His codefendants were accused of doing particular acts, but he was not, and he was not charged with aiding or abetting them. The verdict did not cure the omission because the complaint wholly failed to allege facts that were essential to a right of action, or facts from which inferences could be drawn that might sustain a right of action. *Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162.

■■ A motion under section 72 is proper for the correction of errors of law apparent on the face of the record. (*Collins v. Collins* (1958), 14 Ill.2d 178, 151 N.E.2d 813.) Since the complaint did not state a cause of action as to Ceda Peric, the judgment entered against him was void and was subject to collateral attack in a section 72 petition. (*Auto Exchange, Inc. v. Litberg* (1962), 34 Ill.App.2d 329, 181 N.E.2d 359.) Under this circumstance, a section 72 petition is not subject to an objection that the movant did not show due diligence. (*Lake Shore Savings & Loan Association v. American National Bank & Trust Co.* (1968), 91 Ill.App.2d 143, 234 N.E.2d 418.) The judgment against Ceda Peric is vacated, and the order denying him relief is reversed.

■■ Jordan Peric argues that if the judgment against his father is vacated, the judgment against him must also be. However, he has not demonstrated the interdependence of rights, inequity or prejudice required among joint tortfeasors which justifies vacating the judgment against all when the judgment is vacated against one. *Chmielewski v. Marich* (1954), 2 Ill.2d 568, 119 N.E.2d 247.

In order to set aside a default judgment pursuant to a section 72 motion, a party must first show facts indicating that he has exercised due diligence in preventing the entry of the judgment. (*Colletti v. Schrieffer's Motor Service, Inc.* (1962), 38 Ill.App.2d 128, 186 N.E.2d 659.) A section 72 motion is not intended to relieve a party of the consequences of his own mistake or carelessness. *Filosa v. Pecora* (1974), 18 Ill.App.3d 123, 309 N.E.2d 356.

■■ The sheriff's return indicates that summons and complaints were served on both Perics at their proper addresses. Jordan's allegation that the complaint and summons addressed to him were actually served on his father and that his father never told him that he had received them is insufficient to overcome the sheriff's return and is incredible as well. The fact that the father brought his son's summons and complaint to an attorney does not contradict proof of proper service and is easily explained under the prevailing facts. The letter of attorney Barliant to the Chicago Bar Association stated that Jordan was his client in the Hoopingarner case and is evidence, no matter how disclaimed, that Jordan was aware of the suit. These factors convinced the trial court and convince us that Jordan Peric did not exhibit due diligence.

A section 72 petition is addressed to the equitable powers of the court and the power may be exercised if it is necessary to prevent injustice. (*Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350; *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill.App.3d 706, 304 N.E.2d 733.) Despite our finding that Jordan did not establish his diligence in defending this suit, we have considered the damages awarded by the jury and find that this part of the judgment should be vacated because of the unfairness attending its entry.

Hoopingarner's complaint declared that the assault upon him was willful and malicious, and he demanded $50,000 in exemplary damages as well as $250,000 in compensatory damages. The complaint did not allege that malice was the gist of the action. The court instructed the jury that if it found that the defendants were guilty of willful or wanton conduct it could, in addition to any damages to which the plaintiff was entitled, award an amount which would serve to punish the defendants or to deter others from the commission of like offenses. Two forms of verdict were submitted to the jury: one finding the defendants guilty and one finding them guilty with malice being the gist of the action. The jury found that malice was the gist of the action and on the same form of verdict assessed Hoopingarner's total damages at $60,000. No distinction was made between Ceda and Jordan Peric, and no distinction was made between exemplary and compensable damages.

■■ An allegation of willful, wanton and malicious conduct does not support a finding that malice is the gist of the action. (*Forsberg v. Harris* (1960), 27 Ill.App.2d 159, 169 N.E.2d 388.) Hoopingarner's complaint did not indicate that a special finding would be sought as to malice and did not pray for this relief. In cases of default the relief obtainable is limited to the prayer for relief unless notice that additional relief is being sought is given to the party in default. (Ill. Rev. Stat. 1971, ch. 110, par. 34.) No such notice was served on either defendant.

At the conclusion of the hearing on the section 72 petition, the court vacated "so much of the judgment * * * as finds that malice is the gist of the action." While this order set aside the malice finding of the jury and the judgment based thereon, it had no affect on the punitive damages the jury may have assessed as part of the malice finding. The size of the verdict—$60,000 for a broken arm—suggests that the jury added an exemplary penalty to the compensable damages. The complaint declared that Hoopingarner was permanently injured and would be prevented from engaging in his usual occupation. This may be and the proof of the ex parte trial may have supported the verdict or a large part of it, but no substantiation for these allegations has been submitted to us. If Hoopingarner thought the record on appeal was deficient in

this respect he could have submitted a supplemental record. As it stands, the jury found that malice was the gist of the action and on the same form of verdict assessed the plaintiff's damages at $60,000. Under the instruction of the court a substantial portion of this sum could have been for exemplary damages.

■■ Considering the circumstances of this case there should have been a separate verdict for each defendant, and a provision should have been made for separate findings of compensatory and punitive damages. Such a provision is acceptable practice. (*Meiners v. Moyer* (1970), 119 Ill. App.2d 94, 255 N.E.2d 201.) By asking for a finding of malice and for exemplary damages without providing an avenue to find such damages separate from the compensable damages, the plaintiff overreached the absent defendants. The court's order—entered 19 months after the verdict—corrected the error as to the malice judgment which was beyond the jurisdiction of the court to enter, but it did not reach the core of the injustice—the inequity to Jordan Peric of having a large judgment over his head which may have been influenced by the malice error. Since neither the trial court nor we have any way of knowing how the verdict was apportioned between punitive and compensatory damages, a new trial is in order as to damages.

The order denying the defendants' petition for relief under section 72 of the Civil Practice Act is reversed in part and affirmed in part. The denial of Ceda Peric's petition is reversed and the judgment against him is vacated. The denial of Jordan Peric's petition is affirmed as to liability and reversed as to damages. The cause is remanded to the circuit court with directions to enter orders in accordance with this opinion and to conduct a new trial as to damages.

Affirmed in part; reversed in part and remanded with directions.

McNAMARA and MEJDA, JJ., concur.