NICK AGORIANITIS, Plaintiff-Appellee, *v.* JOHN RESS, Defendant-Appellant.

First District (3rd Division)    No. 76-1252

Opinion filed November 16, 1977.—Rehearing denied January 3, 1978.

326

George J. Skontos and Morgan, Lanoff, Denniston & Madigan, Ltd., both of Chicago (James E. McParland, of counsel), for appellant.

Vincent J. Tolve, of Chicago, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

On June 14, 1972 a judgment was entered in favor of the plaintiff, Nick Agorianitis, and against the defendant, John Ress. Over three years later, on October 2, 1975, the defendant filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) to vacate that judgment. Section 72 provides in pertinent part:

"(3) The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

The trial court found that it did not have jurisdiction and dismissed the petition. From that order the defendant takes this appeal. (Ill. Rev. Stat. 1975, ch. 110A, par. 304(b)(3).) The defendant argues that section 72 is addressed to the equitable powers of the court and that that power should

be exercised to prevent injustice; that the plaintiff was not diligent in executing on the judgment; that the judgment was fraudulently concealed from him and the statute is thereby tolled pursuant to section 72(3); and that certain conduct by his alleged attorney was improper and warrants relief.

The plaintiff filed his action in July of 1969. The defendant retained as his attorney John D. Vosnos. An amended complaint was filed April 15, 1970, seeking specific performance on a certain alleged oral agreement and also seeking damages in the amount of $8000. On July 13, 1970, Vosnos filed an answer verified by the defendant denying the allegations set forth in the plaintiff's amended complaint.

In August 1971 Peter Boznos filed an appearance as attorney for the defendant. The record before this court does not indicate the exact circumstances under which Boznos filed his appearance. The affidavit of the defendant, filed with the petition, asserts that an order was entered suggesting the death of Vosnos and substituting Boznos as attorney. That order is not part of the record before this court. The defendant states in his affidavit he did not know of the death of Vosnos and has never met nor talked to Boznos. He never retained Boznos to represent him in this nor in any other proceedings.

The judgment order at issue, entered on January 14, 1972, stated that the matter came to be heard on the trial call and that the defendant was not present but that his attorney was present. The order further provided that on motion of the plaintiff the count seeking specific performance was withdrawn.

The defendant's affidavit further alleges that when he retained Vosnos as his attorney, Vosnos told the defendant that the litigation would take at least five years to complete. Vosnos also told the defendant that he would handle all details of the defense. It was for this reason that the defendant did not contact Vosnos. He next heard about the lawsuit when he received a letter in September 1975, over six years after the suit was filed, advising him that a judgment had been taken against him. Immediately after receipt of that letter he tried to contact Vosnos and upon being unable to do so, investigated the matter and found that Vosnos was deceased. The whereabouts of Boznos are unknown and he no longer retains an office nor practices law in the State of Illinois.

The defendant cites three cases as authority for the unquestioned proposition that the section 72 petition is addressed to the equitable powers of the court and may be exercised to prevent an injustice: *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350; *Hoopingarner v. Peric* (1975), 28 Ill. App. 3d 53, 328 N.E.2d 171; and *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 304 N.E.2d 733. From this general

328

proposition the defendant argues that it would be an injustice to permit this judgment to stand where the plaintiff failed to execute on the judgment for 3½ years.

None of the cited cases involved judgments beyond the two years mandated by section 72. The Illinois Supreme Court in *People v. Colletti* (1971), 48 Ill. 2d 135, 268 N.E.2d 397, held that the petition was filed beyond the two-year limitation period and denied relief. Similar results were obtained in *People v. Manns* (1974), 18 Ill. App. 3d 611, 310 N.E.2d 411; *Johnson v. Hawkins* (1972), 4 Ill. App. 3d 29, 280 N.E.2d 291; and *Mathews v. Atlas Liquors, Inc.* (1971), 132 Ill. App. 2d 608, 270 N.E.2d 453. As the *Johnson* court noted, at pages 32-33, the two-year limitation "has been strictly construed by other courts and this court cannot, even if the circumstances were believed to warrant it, * * * extend this limitation by judicial fiat. *Estate of Arcicov*, 94 Ill. App. 2d 122, 236 N.E.2d 365; *Athletic Association of University of Illinois v. Crawford*, 43 Ill. App. 2d 52, 192 N.E.2d 556."

■■ The defendant does not directly attempt to distinguish any of the cases cited but does raise two contentions to obviate their effect. First, under the factual situation presented here there was a fraudulent concealment under the provisions of section 72(3) and, therefore, the two-year limitation period is tolled. In support thereof, he cites the case of *Kammes v. Seger* (1976), 41 Ill. App. 3d 768, 355 N.E.2d 167. From the facts in *Kammes* which bear no resemblance to the facts in this case the court was able to conclude that the acts of the attorney when viewed in the totality of the circumstances, prevented the discovery of the entry of the judgment and constituted fraudulent concealment. It cannot be concluded here that the plaintiff's mere failure to execute on a judgment, the only allegedly fraudulent act, is fraudulent concealment.

■■ In his second attempt to obviate the effects of the two-year limitation period the defendant cites *Jacobson v. Ashkinaze* (1929), 337 Ill. 141, 168 N.E. 647, as a case that bears a remarkable factual similarity to the case at bar. There, the defendant asserts, the court vacated the judgment notwithstanding the fact that the time limit under section 89 of the then appliable practice act had expired. We do not find that to be a fact. Section 89 provided that "[A]ll errors in fact, * * * which, by the common law, could have been corrected by [writ of error *coram nobis*], may be corrected by the court in which the error was committed, upon motion in writing, *made at any time within five years* after the rendition of final judgment * * *". (Ill. Stat. 1927, ch. 110, par. 89 (Smith-Hurd).) The motion in *Jacobson* was filed within three years of the entry of judgment. Jacobson does not support the defendant's contention that under factually similar circumstances the time of filing may be extended beyond the time prescribed in the Practice Act.

The defendant also states that there was no attorney-client relationship in existence between him and Peter Boznos and consequently any action taken without actual notice to the defendant is a nullity. Cited are the cases of *Hannah v. Hannah* (1968), 94 Ill. App. 2d 372, 236 N.E.2d 783; *In re Annexation of Certain Territory* (1962), 37 Ill. App. 2d 255, 185 N.E.2d 369; *Haring v. Godbersen* (1957), 13 Ill. App. 2d 95, 141 N.E.2d 90; and *Jacobson*. The *Haring, In re Annexation of Certain Territory* and *Hannah* cases which recite the foregoing proposition are patently factually inapplicable to the case at bar.

■■■ In the *Gray* case Ina Gray Cook, a defendant in the action, was not served with summons but an attorney, not authorized to represent her, filed an appearance in her behalf thereby submitting her to the jurisdiction of the court. The court said where an attorney appears of record for a party, the presumption is that his appearance in such capacity was duly authorized. The presumption, however, is not conclusive; when the facts show a lack of authorization either express or implied, and there is no proof of ratification of the appearance, the acts of counsel are a nullity as against the party for whom the appearance was entered. The *Gray* case is distinguishable from the present situation in that in *Gray* an appearance was entered submitting a party to the jurisdiction of the court. The *Jacobson* case is comparable to *Gray* in that it also raises a question of jurisdiction. In *Jacobson* the lawsuit had been dismissed. After term time, when the case was not subject to the trial call, an attorney who was not authorized to do so, substituted himself for the authorized attorney. Notice to reinstate the case was served on the substituted attorney who had no authority to accept service. The instant case does not involve any questions of jurisdiction. The defendant was already subject to the jurisdiction of the court and jurisdiction was never relinquished.

■■ The defendant's remedy was to file a petition in compliance with section 72 which he failed to do by not presenting his petition within two years as is required. The defendant does not allege facts sufficient to raise the issue of fraudulent concealment. The order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.